IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) CIVIL NO. CV04 00550 HG/BMK<br>) (Declaratory Relief )<br>) |
| Plaintiff, | ) MEMORANDUM IN SUPPORT OF<br>) MOTION |
| vs. | ) |
| SULLIVAN PROPERTIES, INC.; ROBERT B. SULLIVAN; MAUI LAND & PINEAPPLE COMPANY, INC.; AND KAPALUA LAND COMPANY, LTD., | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

[2004432/#304963]

MEMORANDUM IN SUPPORT OF MOTION

**I.   INTRODUCTION**

Under governing case law and the "law of the case," Plaintiff SCOTTSDALE INSURANCE COMPANY (hereinafter referred to as "Scottsdale") is entitled to reimbursement of the attorney's fees and costs it incurred in the defense of Defendants SULLIVAN PROPERTIES, INC. and ROBERT B. SULLIVAN (hereinafter collectively referred to as "Defendants" and individually as "Sullivan Properties" and "Robert Sullivan," respectively)  in the underlying action identified as *Maui Land & Pineapple Company, Inc. and Kapalua Land Company v. Sullivan Properties, Inc., formerly known as Sullivan*

*& Conlen, Inc., and Robert B. Sullivan*, Civil No. CV04-00358 HG/BMK in the United States District Court, District of Hawaii (hereinafter referred to as "the underlying action"). As the California Supreme Court has proclaimed, an insurer who properly reserves its rights may obtain reimbursement of amounts expended on the defense of claims for which there was never any potential coverage. *See* ***Buss v. Superior Court of Los Angeles***, 65 Cal.Rptr.2d 366, 939 P.2d 766 (Cal. 1997). Having properly reserved its rights including the right to reimbursement, and given this Court's ruling that there was no insurance coverage under Scottsdale's insurance policy for the claims asserted against the Defendants in the underlying action (and correspondingly, that Scottsdale did not have a duty to defend the Defendants in the underlying action), Scottsdale is entitled to reimbursement of the attorney's fees and costs expended in the defense of the Defendants in the underlying action.

In its Order Granting Scottsdale's Motion for Partial Summary Judgment; and Denying Sullivan Properties' Cross-Motion for Summary Judgment; and Denying Robert Sulivan's Counter-Motion for Summary Judgment (Order Filed on 2/28/06) (hereinafter referred to as "the Court's 2/28/06 Order"), this Court expressly recognized that, under prevailing law, Scottsdale was entitled to such reimbursement. *See* Separate and Concise Statement of Facts In Support Of Its Motion For Partial Summary Judgment Re: Reimbursement Claim ("SCSF")

no. 1; *see also* the Court's 2/28/06 Order, attached thereto as Exhibit "A." This Motion, therefore, is filed in follow up to the Court's 2/28/06 Order in which this Court indicated that "[i]f Scottsdale did not have a duty to defend Defendants, it is entitled to reimbursement of the defense costs expended on Defendants' behalf in the Underlying lawsuit." *See* SCSF no. 1.

Scottsdale paid $119,950.01 to the Goodsill, Anderson Quinn & Stifel law firm for the defense of Sullivan Properties in the underlying action. For the defense of Robert Sullivan in the underlying action, it paid $27,869.73 to the law firm of Yamamura & Shimazu. Thus, Scottsdale is entitled to reimbursement from the Defendants in the total amount of **$147,819.74**, and by this Motion, seeks a judgment in that amount against the Defendants.

## II.  BACKGROUND

### A.  Subject Declaratory Relief Action

As described in the Court's 2/28/06 Order, in this action, Scottsdale sought a declaration that it is not required to defend or indemnify the Defendants in the underlying action, and that it is entitled to reimbursement from the Defendants of the amounts incurred and paid to defend them in the underlying action. *See* SCSF no. 3. Because the underlying action was settled and did not require the payment of any monies by the Defendants, the issue relating to whether Scottsdale had a duty to indemnify was rendered moot. *See* SCSF no. 4. As such, the

3

remaining issues concerned the question of whether Scottsdale had a continuing duty to defend the Defendants in the underlying action and whether Scottsdale was entitled to reimbursement of the amounts incurred and paid with respect to the defense provided to the Defendants in the underlying action. *See* SCSF no. 5.

B.     **Prior Motions.**

As described and set forth in the Court's 2/28/06 Order, on 5/10/05, Scottsdale brought a Motion For Partial Summary Judgment on the basis that there was no coverage, and *ipso facto* no potential for coverage, for the claims asserted against the Defendants in the underlying action based on the "first publication" exclusion within Scottsdale's insurance policies. *See* SCSF no. 6. The exclusion precluded coverage for "advertising injuries," including "misappropriation of advertising ideas," "[a]rising out of oral or written publication of material whose first publication took place before the beginning of the policy period." *See* SCSF no. 7. Moreover, based on the undisputed facts, the Sullivan defendants allegedly "first published" the material at issue, namely, the "Kapalua" name and mark, well before Scottsdale's policies incepted. *See* SCSF no. 8. In fact, as early as 1984, the claimants had obtained an injunction precluding the Sullivan defendants from conducting any business under the name or title "Kapalua." *See* SCSF no. 9. This was well before the Scottsdale policies incepted in 1998. ***Id.*** Accordingly, the "first publication" exclusion set forth above applied to preclude coverage. ***Id.***

The Defendants also filed motions for summary judgment to counter Scottsdale's Motion; they sought a declaration that there was insurance coverage under the Scottsdale insurance policies with respect to the underlying action. *See* SCSF no. 10.

This Court granted Scottsdale's Motion for Partial Summary Judgment and denied the Defendants' respective counter or cross-Motions. *See* SCSF no. 11.

This Court held that the "first publication" exclusion applied so as to bar coverage under the Scottsdale insurance policies for the claims asserted against the Defendants in the underlying action "because the Defendants first infringed the "Kapalua" trade name and trademark before the effective date of the first insurance policy." *See* SCSF no. 12. In particular, this Court indicated that

> [t]he issue is whether Defendants infringed the 'Kapalua' trade names and trademark prior to the Policy's effective date. It is undisputed that Defendants infringed on the 'Kapalua' trade name and mark by using it in advertising and promotional materials long before it purchased the Policy. Indeed, Defendants have been enjoined by court order since November 20, 1984 from conducting any business under the name or title 'Kapalua.'

*See* SCSF no. 13.

This Court further held that the "known loss" rule barred coverage because the "Defendants knew, or should have known, that their continued use of

5

the "Kapalua" trade name or trademark would lead to a substantial probability of loss." *See* SCSF no. 14. In this regard, the Court indicated that

> [t]he known loss rule is based on the fundamental principle [of insurance law] that insurance is intended to cover risks [or contingencies] which are not definitely known to the insured.' [Citations omitted.]. . . .Here, Defendants have been enjoined from using the 'Kapalua' names and trademark since 1984, long before the Policy's April 1998 effective date. Indeed, Defendants have a long history of infringing the 'Kapalua' trade name and trademark. In 1985, for instance, Defendants violated the Permanent Injunction and, as a result, were subject to a contempt order.

*See* SCSF no. 15.

It was concluded by this Court that, under the governing law, there was no insurance coverage under the Scottsdale insurance policies for the claims asserted against the Defendants in the underlying action, and correspondingly, Scottsdale was not obligated to defend or indemnify the Defendants in the underlying action. *See* SCSF no. 16.

As a corollary, this Court indicated that Scottsdale was entitled to reimbursement of the attorney's fees and costs it incurred and paid in the defense of the Defendants in the underling action; fees and costs, based on the Court's ruling of "no coverage," Scottsdale never owed in the first instance. In this regard, this Court noted that while there was no Hawaii law on point, under the California Supreme Court cases of ***Buss v. Superior Court of Los Angeles***, 65 Cal.Rptr.2d

6

366, 939 P.2d 766 (Cal. 1997) and *Scottsdale Insurance Company v. M.V. Transportation*, 31 Cal.Rptr.3d 147, 115 P.3d 460 (Cal., 2005), which are addressed in more detail below, Scottsdale was entitled to seek reimbursement of those defense fees and costs because there was no potential for insurance coverage under the Scottsdale policies and Scottsdale properly reserved its right to do so, i.e., seek reimbursement. *See* SCSF no. 17. This Court directed Scottsdale to submit documentary evidence on the amount of the defense fees and costs it had incurred. *See* SCSF no. 18.

### III.  DISCUSSION AND ARGUMENT

Under governing law and the "law of the case" doctrine, Scottsdale is entitled to reimbursement of the amounts it expended in the defense of the Defendants in the underlying action. As recognized by a number of courts in other jurisdictions, an insurer properly reserving its rights may seek reimbursement of paid defense fees and costs that were never owed as a matter of law. The seminal case in this regard is the California Supreme Court case of *Buss v. Superior Court*, *supra.* In *Buss*, the California Court noted its prior holding that in a "mixed" action, i.e., an action in which some of the claims are at least potentially covered and the others are not, the insurer had a duty to defend both the potentially covered and non-covered claims. The Court justified the "insurer's duty to defend the entire 'mixed' action prophylactically, as an obligation imposed by law in support

7

of the policy," and that "to defend meaningfully, the insurer must defend immediately." *Id.* at 375, 939 P.2d at 775. Nevertheless, the Court in *Buss* held that in order to avoid the "unjust enrichment" of the insured, the insurer was entitled to seek reimbursement of amounts spent on the defense of non-covered claims. The *Buss* Court explained as follows:

> Under the policy, the insurer does not have a duty to defend the insured as to the claims that are not even potentially covered. With regard to defense costs for these claims, the insurer has not been paid premiums by the insured. It did not bargain to bear these costs. To attempt to shift them would not upset the arrangement. The insurer therefore has a right of reimbursement that is implied in law as quasi-contractual, whether or not it has one that is implied in fact in the policy as contractual. As stated, under the law of restitution such a right runs against the person who benefits from "unjust enrichment" and in favor of the person who suffers loss thereby. The "enrichment" of the insured by the insurer through the insurer's bearing of unbargained-for defense costs is inconsistent with the insurer's freedom under the policy and therefore must be deemed "unjust."

*Id.* at 376-377, 939 P.2d at 776-777 (citations omitted).

The *Buss* Court further pronounced that

> [n]ot only is it good law that the insurer may seek reimbursement for defense costs as to the claims that are not even potentially covered, but it also makes good sense. Without a right of reimbursement, an insurer might be tempted to refuse to defend an action in any part--especially an action with many claims that are not even potentially covered and only a few that are--lest the insurer give, and the insured get, more than they agreed. With such a right, the insurer would not be so tempted,

8

>knowing that, if defense of the claims that are not even potentially covered should necessitate any additional costs, it would be able to seek reimbursement.

*Id.* at 378, 939 P.2d at 778.

Following the ***Buss*** case, the California Supreme Court ruled in ***Scottsdale Insurance Company v. MV Transportation****, supra.*, that in an action involving <u>no</u> potentially covered claims, an insurer properly reserving its rights may obtain full reimbursement of the attorney's fees and costs incurred in the defense of the insured in the action. The Court put it this way:

>[A]n insurer, having reserved its right to do so, may obtain reimbursement of defense costs which, in hindsight, it never owed.

*Id.* at 657-658, 115 P.3d at 467-468.

Based on the above cited cases, this Court correctly determined that because Scottsdale properly reserved its right to seek reimbursement of amounts expended on non-covered claims, it was entitled to seek such reimbursement given the absence of any insurance coverage (and absence of any potential for such coverage) for the claims asserted against the Defendants in the underlying action. As indicated in the Court's 2/28/06 Order, "If Scottsdale did not have a duty to defend Defendants, it is entitled to reimbursement of the defense costs expended on Defendants' behalf in the Underlying Lawsuit." *See* SCSF no. 19. This Court further noted in relevant part as follows:

9

> The Court could not locate any Hawaii state law on the issue of whether the insurer is entitled to reimbursement of defense costs expended where the Court later determines that the insurer did not have a duty to defend. California courts, however, have recognized an insurer's right to seek reimbursement of defense costs where that right has been reserved in the reservation of rights letter. *See* ***Scottsdale Insurance Co. v. MV Transportation***, 115 P.3d 460 (Cal. 2005); ***Buss v. Superior Court of Los Angeles***, 939 P.2d 766, 776-78 Cal. 1997. Here, Scottsdale expressly reserved the right to seek reimbursement of defense costs in its reservation of rights letter. (*See* Scottsdale's Statement of Facts at Exhibit K.).

*See* SCSF no. 20.

Thus, this Court held that Scottsdale was entitled to reimbursement of the attorney's fees and costs incurred in the defense of the Defendants in underlying matter. ***Id.*** Under Hawaii law, this Court's holding in that regard constitutes the "law of the case" and accordingly, is binding *vis-à-vis* the instant Motion. Under the "law of the case" doctrine, courts will not disturb earlier rulings of a court of equal or concurrent jurisdiction absent truly exceptional circumstances. As observed by the Hawaii Supreme Court in ***Wong v. City & County of Honolulu***, 66 Haw. 389, 396, 665 P.2d 157 (1983), the "law of the case" doctrine "refers to the usual practice of courts to refuse to disturb all prior rulings in a particular case, including rulings made by the judge himself [or herself]," and that "[u]nless *cogent reasons* support the second court's action, any modification of a prior ruling of another court of equal and concurrent jurisdiction

10

will be deemed an abuse of discretion." *See* ***Wong v. City & County of Honolulu***, *supra.* (emphasis in original).  The same principle applies in Federal Court. *See e.g.*, ***United States v. Lummi Indian Tribe***, 235 F.3d 443, 452 (9th Cir., 2000); ***Milgard Tempering, Inc. v. Selas Corp. of America***, 902 F.3d 703, 715 (9th Cir., 1990).

The purpose of the "law of the case" doctrine is to promote finality. *See e.g.*, ***Flannery v. Allstate Ins. Co.***, 49 F.Supp.2d 1223, 1226 (D.Colo., 1999) "Once a court decides an issue, that doctrine comes into play to prevent the relitigation of that issue in subsequent proceedings in the same case." ***Id.***, *citing* ***Arizona v. California***, 460 U.S. 605, 618-619; 103 S.Ct. 1382 (1983); ***United States v. Monsisvais***, 946 F.2d 114, 115-116 (10th Cir., 1991).  Here, as explained above, this Court already determined, in no uncertain terms, that Scottsdale is entitled to reimbursement of the amounts incurred in the defense of the Defendants in the underlying action; amounts it never owed as a matter of law because of the lack of insurance coverage and absence of the potential of coverage for the claims against the Defendants in the underlying action.  Accordingly, Scottsdale's right to reimbursement is the "law of the case."

Regarding the amount to be reimbursed, Scottsdale paid a total of **$119,950.01** to the law firm of Goodsill, Anderson Quinn & Stifel for the defense of Sullivan Properties in the underlying action. *See* SCSF no. 21; *see also*

Declaration of Susan C. Coltrara, attached hereto; Printout of Scottsdale's payment history relating to attorney's fees and costs for the Defendants, attached hereto as Exhibit "B;" and copies of Goodsill Anderson Quinn & Stifel invoices, attached hereto as Exhibit "C." Scottsdale also paid a total of $27,869.73 to the law firm of Yamamura & Shimazu for the defense of Robert Sullivan in the underlying action. *See* SCSF no. 22; *see also* Declaration of Susan C. Coltrara, attached hereto; Printout of Scottsdale's payment history relating to attorney's fees and costs for the Defendants, attached hereto as Exhibit "B;" and copies of Yamamura & Shimazu invoices, attached hereto as Exhibit "D." Accordingly, Scottsdale is entitled to reimbursement in the combined amount of **$147,819.74** from the Defendants. *See* SCSF no. 23.

### IV. CONCLUSION

Based on the foregoing, Scottsdale respectfully requests the granting of this Motion and reimbursement of the amounts incurred in the defense of the Defendants in the underlying action, totaling **$147,819.74**.

DATED: Honolulu, Hawaii, December 1, 2006.

 /s/ Jeffrey H. K. Sia
SIDNEY K. AYABE
JEFFREY H. K. SIA
ALAN B. YUTER
RACHEL E. HOBBS
Attorneys for Plaintiff
SCOTTSDALE INSURANCE COMPANY