AYABE, CHONG, NISHIMOTO,
 SIA & NAKAMURA, A Limited
 Liability Law Partnership

SIDNEY K. AYABE             968-0
JEFFREY H. K. SIA           3029-0
Pauahi Tower, Suite 2500
1001 Bishop Street
Honolulu, Hawaii  96813
Telephone No.:  (808) 537-6119
Facsimile No.:  (808) 537-6119
Sidney.Ayabe@hawadvocate.com
Jeffrey.Sia@hawadvocate.com

SELMAN • BREITMAN LLP

ALAN B. YUTER
RACHEL E. HOBBS
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, California 90025-6538
Telephone:  (310) 445-0800
Facsimile:   (310) 473-2525
AYuter@SelmanBreitman.com
RHobbs@selmanbreitman.com

Attorneys for Plaintiff
SCOTTSDALE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) CIVIL NO. CV04 00550 HG/BMK<br>) (Declaratory Relief )<br>) |
| Plaintiff, | ) PLAINTIFF SCOTTSDALE<br>) INSURANCE COMPANY'S<br>) **SEPARATE AND CONCISE** |
| vs. | ) **STATEMENT OF FACTS** IN<br>) SUPPORT OF ITS MOTION FOR |

| SULLIVAN PROPERTIES, INC.; ROBERT B. SULLIVAN; MAUI LAND & PINEAPPLE COMPANY, INC.; AND KAPALUA LAND COMPANY, LTD., | ) ) ) ) ) | PARTIAL SUMMARY JUDGMENT RE: REIMBURSEMENT CLAIM; PAGE LENGTH CERTIFICATION; DECLARATION OF SUSAN C. COLTRARA; EXHIBITS "A-D;" CERTIFICATE OF SERVICE |
|---|---|---|
| Defendants. | ) ) ) ) ) ) ) ) ) ) ) | No trial date set |

[2004432/#305623]

PLAINTIFF SCOTTSDALE INSURANCE COMPANY'S **SEPARATE AND CONCISE STATEMENT OF FACTS** IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT RE: REIMBURSEMENT CLAIM

Plaintiff SCOTTSDALE INSURANCE, INC. ("Scottsdale"), by and through its attorneys, Ayabe Chong Nishimoto Sia & Nakamura and Selman • Breitman LLP, submits its Separate and Concise Statement of Facts in Support of its Motion for Partial Summary Judgment Re: Reimbursement Claim ("SCSF"), filed contemporaneously, pursuant to Local Rule 56.1.

| No. | FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 1. | This Court ruled that Scottsdale was entitled to reimbursement of amounts incurred to defend Defendants SULLIVAN PROPERTIES, INC. and ROBERT B. SULLIVAN (collectively referred to as "Defendants" and individually as "Sullivan Properties" and "Robert Sullivan," respectively) in the underlying action | *See* Order Granting Scottsdale's Motion for Partial Summary Judgment; and Denying Sullivan Properties' Cross-Motion for Summary Judgment; and Denying Robert Sulivan's Counter-Motion for Summary Judgment (Order Filed on |

2

| | | |
|---|---|---|
| | identified as *Maui Land & Pineapple Company, Inc. and Kapalua Land Company v. Sullivan Properties, Inc., fka Sullivan & Conlen, Inc., and Robert B. Sullivan*, Civil No. CV04-00358 HG/BMK in the U.S. District Court, District of Hawaii ("the underlying action"). | 2/28/06) ("2/28/06 Order") at 2, attached as Exhibit "A" |
| 2. | Per the 2/28/06 Order, "[i]f Scottsdale did not have a duty to defend Defendants, it is entitled to reimbursement of the defense costs expended on Defendants' behalf in the Underlying lawsuit." | *See* 2/28/06 Order at 5, attached as Exhibit "A." |
| 3. | Scottsdale sought a declaration that it is not required to defend or indemnify the Defendants in the underlying action, and that it is entitled to reimbursement from the Defendants of the amounts incurred and paid to defend them in the underlying action. | *See* 2/28/06 Order at 1-4, attached as Exhibit "A" and Scottsdale's Complaint for Declaratory Relief Filed on 9/9/04 ("Scottsdale's Complaint") |
| 4. | Because the underlying action was settled and did not require the payment of any monies by the Defendants, the issue of whether Scottsdale had a duty to indemnify became moot. | *See* 2/28/06 Order at 4-5, attached as Exhibit "A." |
| 5. | At the time of the 2/28/06 Order, the remaining issues concerned the question of whether Scottsdale had a continuing duty to defend the Defendants in the underlying action and whether it was entitled to reimbursement of the amounts incurred/paid with respect to the defense. | *See* 2/28/06 Order at 5, attached as Exhibit "A;" *see also* Scottsdale's Complaint. |
| 6. | On 5/10/05, Scottsdale brought a Motion For Partial Summary Judgment on the basis that there was no coverage, and *ipso facto* no potential for coverage, for the claims | *See* 2/28/06 Order at 2, attached as Exhibit "A." |

3

|  |  |  |
|---|---|---|
|  | asserted against the Defendants in the underlying action based on the "first publication" exclusion within Scottsdale's insurance policies. |  |
| 7. | The exclusion precluded coverage for "advertising injuries," including "misappropriation of advertising ideas," "[a]rising out of oral or written publication of material whose first publication took place before the beginning of the policy period." | *See* 2/28/06 Order at 19, attached as Exhibit "A." |
| 8. | The undisputed facts indicated that the Defendants allegedly "first published" the material at issue, namely, the "Kapalua" name and mark, well before Scottsdale's policies incepted. | *See* 2/28/06 Order at 25-26, attached as Exhibit "A." |
| 9. | As early as 1984, the underlying claimants had obtained an injunction precluding the Defendants from conducting any business under the name or title "Kapalua." That was well before the Scottsdale policies incepted in 1998. Accordingly, this Court found, the "first publication" exclusion set forth above applied to preclude coverage. | *See* 2/28/06 Order at 26-27, attached as Exhibit "A." |
| 10. | The Defendants also filed motions for summary judgment to counter Scottsdale's Motion, seeking a declaration that there was insurance coverage under the Scottsdale insurance policies with respect to the underlying action. | *See* 2/28/06 Order at 3, attached as Exhibit "A." |
| 11. | Scottsdale's Motion for Partial Summary Judgment was granted and the Defendants' respective counter or cross-Motions were denied. | *See* 2/28/06 Order at 26, attached as Exhibit "A." |

4

| 12. | This Court held that the "first publication" exclusion applied so as to bar coverage under the Scottsdale insurance policies for the claims asserted against the Defendants in the underlying action "because the Defendants first infringed the "Kapalua" trade name and trademark before the effective date of the first insurance policy." | *See* 2/28/06 Order at 2, attached as Exhibit "A." |
|---|---|---|
| 13. | The 2/28/06 Order indicated that<br><br>"[t]he issue is whether Defendants infringed the 'Kapalua' trade names and trademark prior to the Policy's effective date.  It is undisputed that Defendants infringed on the 'Kapalua' trade name and mark by using it in advertising and promotional materials long before it purchased the Policy.  Indeed, Defendants have been enjoined by court order since November 20, 1984 from conducting any business under the name or title 'Kapalua.'" | *See* 2/28/06 Order at 25-26, attached as Exhibit "A." |
| 14. | This Court further held that the "known loss" rule barred coverage because the "Defendants knew, or should have known, that their continued use of the "Kapalua" trade name or trademark would lead to a substantial probability of loss." | *See* 2/28/06 Order at 2, attached as Exhibit "A." |
| 15. | The 2/28/06 Order indicated that<br><br>"[t]he known loss rule is based on the fundamental principle [of insurance law] that insurance is intended to cover risks [or contingencies] which are not definitely known to the insured.'  [Citations omitted.]. . . .Here, Defendants have been enjoined from using the 'Kapalua' names and trademark since 1984, long before the | *See* 2/28/06 Order at 28, attached as Exhibit "A." |

5

|     |     |     |
| --- | --- | --- |
|     | Policy's April 1998 effective date.  Indeed, Defendants have a long history of infringing the 'Kapalua' trade name and trademark.  In 1985, for instance, Defendants violated the Permanent Injunction and, as a result, were subject to a contempt order." |     |
| 16. | This Court concluded that there was no insurance coverage under the Scottsdale insurance policies for the claims asserted against the Defendants in the underlying action, and correspondingly, Scottsdale was not obligated to defend or indemnify the Defendants in the underlying action. | *See* 2/28/06 Order at 19-29, attached as Exhibit "A." |
| 17. | This Court indicated that Scottsdale was entitled to reimbursement of the fees and costs it incurred and paid in the defense of the Defendants in the underling action; fees and costs, based on the Court's ruling of "no coverage," that Scottsdale never owed in the first instance.  This Court noted that while there was no Hawaii law on point, under ***Buss v. Superior Court of Los Angeles***, 65 Cal.Rptr.2d 366, 939 P.2d 766 (Cal. 1997) and ***Scottsdale Insurance Company v. M.V. Transportation***, 31 Cal.Rptr.3d 147, 115 P.3d 460 (Cal., 2005), Scottsdale was entitled to seek reimbursement of those defense fees and costs because there was no potential for insurance coverage under the Scottsdale policies and Scottsdale properly reserved its right to do so, i.e., seek reimbursement. | *See* 2/28/06 Order at 5, attached as Exhibit "A." |
| 18. | Scottsdale was directed to move for summary judgment as to "Count IV" (i.e., Fourth Cause of Action within Scottsdale's Complaint) to document all costs and | *See* 2/28/06 Order at 30, attached as Exhibit "A." |

6

|  |  |  |
|---|---|---|
|  | expenses for which it seeks reimbursement. |  |
| 19. | This Court indicated that "[i]f Scottsdale did not have a duty to defend Defendants, it is entitled to reimbursement of the defense costs expended on Defendants' behalf in the Underlying Lawsuit." | *See* 2/28/06 Order at 5, attached as Exhibit "A." |
| 20. | In the 2/28/06 Order, this Court further noted in relevant part as follows:<br><br>"The Court could not locate any Hawaii state law on the issue of whether the insurer is entitled to reimbursement of defense costs expended where the Court later determines that the insurer did not have a duty to defend. California courts, however, have recognized an insurer's right to seek reimbursement of defense costs where that right has been reserved in the reservation of rights letter. *See* **Scottsdale Insurance Co. v. MV Transportation**, 115 P.3d 460 (Cal. 2005); **Buss v. Superior Court of Los Angeles**, 939 P.2d 766, 776-78 Cal. 1997. Here, Scottsdale expressly reserved the right to seek reimbursement of defense costs in its reservation of rights letter. (*See* Scottsdale's Statement of Facts at Exhibit K.)." | *See* 2/28/06 Order at 5, fn. 3, attached as Exhibit "A." |
| 21. | Scottsdale paid a total of $119,950.01 to Goodsill, Anderson Quinn & Stifel ("Goodsill") for the defense of Sullivan Properties in the underlying action. | *See* Declaration of Susan C. Coltrara ("Coltrara Declaration"), attached hereto; *see also* Printout of Scottsdale's payment history relating to attorney's fees and costs for the Defendants, attached hereto as Exhibit "B," and copies of Goodsill invoices, attached hereto as Exhibit "C." |

7

| | | |
|---|---|---|
| 22. | Scottsdale paid a total of $27,869.73 to Yamamura & Shimazu ("Yamamura") for the defense of Robert Sullivan in the underlying action. | *See* Coltrara Declaration; *see also* Exhibit "B" and copies of Yamamura invoices, attached hereto as Exhibit "D." |
| 23. | Scottsdale is entitled to reimbursement in the combined amount of $147,819.74 from the Defendants. | *See* Coltrara Declaration; *see also* Exhibits "B," "C," and "D." |

DATED:  Honolulu, Hawaii, December 1, 2006.

  /s/ Jeffrey H. K. Sia
SIDNEY K. AYABE
JEFFREY H. K. SIA
ALAN B. YUTER
RACHEL E. HOBBS
Attorneys for Plaintiff
SCOTTSDALE INSURANCE COMPANY