IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | CIVIL NO. CV04 00550 HG/BMK (Declaratory Relief ) |
| Plaintiff, | DECLARATION OF SUSAN C. COLTRARA |
| vs. | |
| SULLIVAN PROPERTIES, INC.; ROBERT B. SULLIVAN; MAUI LAND & PINEAPPLE COMPANY, INC.; AND KAPALUA LAND COMPANY, LTD., | |
| Defendants. | |

[2004432/#304957]

DECLARATION OF SUSAN C. COLTRARA

SUSAN C. COLTRARA, declare and state as that:

1. I am a Senior Claims Specialist for Scottsdale Insurance Company (hereinafter referred to as "Scottsdale"), the named Plaintiff in this action. I make this Declaration based on personal knowledge and information, and if called upon to do so, could and would competently testify thereto..

2. As a Senior Claims Specialist for Scottsdale, I was the claims representative for Scottsdale who was involved in the handling of Scottsdale's defense of Sullivan Properties, Inc. and Robert B. Sullivan (hereinafter collectively referred to as "Defendants" and individually as "Sullivan Properties" and "Robert

310156.1  380.17952

Sullivan," respectively) in the underlying action identified as ***Maui Land & Pineapple Company, Inc. and Kapalua Land Company v. Sullivan Properties, Inc., formerly known as Sullivan & Conlen, Inc., and Robert B. Sullivan***, Civil No. CV04-00358 HG/BMK in the United States District Court, District of Hawaii (hereinafter referred to as "the underlying action"). Scottsdale had been defending the Defendants in the underlying action under and pursuant to a reservation of rights under Scottsdale's insurance policies issued to Sullivan Properties. The law firms representing and defending Sullivan Properties and Robert Sullivan have been Goodsill Anderson Quinn & Stifel and Yamamura & Shimazu, respectively.

   3.   In my position and capacity as the claims representative overseeing Scottsdale's defense of the Defendants, one of my responsibilities involved the review of invoices or bills submitted by the Goodsill Anderson Quinn & Stifel and Yamamura & Shimazu law firms, pertaining to their defense of the Defendants in the underlying action, and then facilitating Scottsdale's payment of the invoices or bills.

   4.   Attached hereto as Exhibit "B" is a true and correct copy of a computer printout generated at my instruction and direction within Scottsdale, containing and setting forth Scottsdale's payment record with respect to the matters pertaining to the Defendants in the underlying action and this declaratory relief action. Scottsdale maintains such computerized payment records in the ordinary

course of its business. I have carefully reviewed the payment record and am familiar with its contents.

5. There basically are two parts to Exhibit "B." The first part (identified at the top left corner of each page as "Claim Inquiry – By Claim" "Transaction Detail") essentially shows all the payments made by Scottsdale in these matters concerning the Defendants, meaning both the underlying action and this declaratory relief action, by setting forth the amounts paid by Scottsdale for the defense of the Defendants in the underlying action and the amounts paid by Scottsdale to its own attorneys relating to this declaratory relief action. To distinguish between the amounts paid by Scottsdale for the defense of the Defendants in the underlying action and the amounts paid to its own attorneys in this declaratory relief action, I marked a "D" (for "defense" cost) next to those payments relating to the defense of the Defendants in the underlying action and a "C" (for "coverage" cost) next to those payments relating to payment of Scottsdale's own attorneys in this declaratory relief action. The first part also contained information relating to "reserves" set by Scottsdale, and that information has been redacted from Exhibit "B" as it is irrelevant to Scottsdale claim for reimbursement from the Defendants.

6. The second part of Exhibit "B" (identified at the top left corner of each page as "Claim Inquiry – By Claim" "History Detail") shows more specific

3

information as to the amounts paid to the Goodsill Anderson Quinn & Stifel and Yamamura & Shimazu law firms for the defense of the Defendants in the underlying action, including the date of invoice from the law firms and check issuance by Scottsdale to pay the respective law firm for their billed services and costs, and certain payments made directly to vendors or other service providers for costs or expenses incurred by the law firms in the defense of the Defendants in the underlying action, e.g., Professional Image Inc. for copying, Dispute Prevention & Resolution for mediation fees, etc.

7. As shown by Exhibit "B," Scottsdale paid a total of **$147,819.74** for the defense of Sullivan Properties and Robert Sullivan in the underlying action. Of that amount, Scottsdale paid **$119,950.01** to the Goodsill, Anderson, Quinn & Stifel law firm for the defense of Sullivan Properties and **$27,869.73** to the Yamamura & Shimazu law firm for the defense of Robert Sullivan in the underlying action for a total of **$147,819.74**.

8. Attached hereto as Exhibit "C" are true and correct copies of the invoices submitted by the Goodsill, Anderson, Quinn & Stifel law firm, and received by Scottsdale, for the defense of Sullivan Properties in the underlying action and certain correspondence between the law firm and Scottsdale relating to certain of the invoices or other billing matters. Scottsdale maintains these documents in the ordinary course of its business, and maintained them with respect

4

to the defense of Sullivan Properties in the underlying action.

        9.    Attached hereto as Exhibit "D" are true and correct copies of the invoices submitted by the submitted by the Yamamura & Shimazu firm, and received by Scottsdale, for the defense of Robert Sullivan, and certain correspondence between the law firm and Scottsdale relating to certain of the invoices or other billing matters.  Scottsdale maintains these documents in the ordinary course of its business, and maintained them with respect to the defense of Sullivan Properties in the underlying action.

        10.    Both Exhibits "C" and "D" also show amounts Scottsdale paid with respect to the submitted invoices.

        I declare under penalty of perjury that the foregoing is true and correct.

        Dated: Scottsdale, Arizona,   July 14, 2006  .

        /s/Susan C. Coltrara
        SUSAN C. COLTRARA

310156.1  380.17952