Of Counsel:
RICHARDS & LUKE

MICHELE-LYNN E. LUKE      5332-0
2700 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii   96813
Telephone:   (808) 536-0802
Facsimile:   (808) 536-5117
e-mail: michele@richardsandluke.com

Attorney for Defendant
ROBERT B. SULLIVAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, <br><br> Plaintiff, <br> vs. <br><br> SULLIVAN PROPERTIES, INC.; ROBERT B. SULLIVAN; MAUI LAND & PINEAPPLE COMPANY, INC.; AND KAPALUA LAND COMPANY, LTD. <br><br> Defendants. | CIVIL NO. CV04-00550 HG BMK (Declaratory Relief) <br><br> **DEFENDANT ROBERT B. SULLIVAN'S MEMORANDUM IN OPPOSITION TO PLAINTIFF SCOTTSDALE INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: REIMBURSEMENT CLAIM, FILED DECEMBER 1, 2006; CERTIFICATE OF SERVICE** <br><br> **Hearing:** <br> **DATE: January 22, 2007** <br> **TIME: 9:30 a.m.** <br> **CHIEF U.S. DISTRICT JUDGE:** <br> **Hon. Helen Gillmor** |

**DEFENDANT ROBERT B. SULLIVAN'S MEMORANDUM IN OPPOSITION TO PLAINTIFF SCOTTSDALE INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: REIMBURSEMENT CLAIM, FILED DECEMBER 1, 2006**

Defendant ROBERT B. SULLIVAN, hereinafter "Defendant SULLIVAN", by and through his attorneys, RICHARDS & LUKE, and pursuant to the provisions of Rule 56, Federal Rules of Civil Procedure, and Rules 7.4 and 7.5, Local Rules for the U.S. District Court for the District of Hawaii, hereby submits his opposition to Plaintiff Scottsdale Insurance Company's Motion For Partial Summary Judgment Re: Reimbursement Claim, filed December 1, 2006.

**I.    PROCEDURAL HISTORY AND FACTS RELEVANT TO MOTION**

For purposes of adjudicating Plaintiff SCOTTSDALE INSURANCE COMPANY's ("SCOTTSDALE") Motion for Partial Summary Judgment concerning its claim for reimbursement of defense costs paid in the underlying action, Defendant SULLIVAN agrees with the procedural history set forth in Plaintiff's current Motion and Concise Statement of Facts, including the description of this Court's factual findings made in granting Plaintiff's earlier Motion.  Defendant SULLIVAN does not agree that the Court's invitation to bring the current Motion constitutes "law of the case" with respect to any entitlement to recover underlying defense costs.

## II.   HAWAI`I LAW DOES NOT FAVOR  SCOTTSDALE'S CLAIM FOR REIMBURSEMENT

This Court, as well as SCOTTSDALE, have conceded that there is no statutory, regulatory or common law authority in Hawai`i, supporting SCOTTSDALE's claimed right for reimbursement of defense costs paid in the underlying action.  Counsel undersigned is not aware of a single case within the Hawai`i judicial system, reported or otherwise, in which reimbursement of defense costs have ever been allowed.  If SCOTTSDALE's counsel was aware of such a case, they would most certainly have cited it to this Court.  Rather, SCOTTSDALE relies exclusively on this Court's invitation to bring this Motion, seeking recovery of such costs.  In so doing, SCOTTDALE makes absolutely no attempt to reconcile its demand for reimbursement with Hawai`i's statutory law, as codified within Chapter 431, Hawai`i Revised Statutes or with the Hawai`i Supreme Court's clear and consistent mandate of protecting an insured's rights to the fullest extent possible.  In this regard, Hawai`i law is much broader in its interpretation and protection of an insured's rights, then is California law.  E.g., Sentinel Insurance v. First Insurance Co. of Hawaii, Ltd., 76 Hawai`i 277, 875 P.2d 894 (1994)(insurer has a duty to defend where courts have not yet addressed legal concept at issue, since same creates an ambiguity, albeit a legal one); and

2

Dairy Road Partners v. Island Insurance Co., Ltd., 92 Hawai`i 398, 992 P.2d 93 (2000)(insurer may look beyond four corners of insurance policy to find coverage, but is restricted to four corners of insurance policy in denying coverage). See also: H.R.S. §431:10-242 (allowing the recovery of legal costs incurred by an insured prevailing in a declaratory relief action, but not allowing the same for an insurer).

Consistent with this mandate, Hawai`i law has, quite consciously, placed the assumption of risk in determining a duty to defend and in denying a duty to defend, upon the insurer and not the insured. Id. See also: Barber v. Chatham, 939 F.Supp. 782 (D. Hawai`i 1996)(policies are contracts of adhesion and are therefore construed in favor of the insured, where possible); Dawes v. First Insurance Co., Ltd., 77 Hawai`i 117, 883 P.2d. 38 (1994)(policies are construed in accord with reasonable expectation of layperson and in the context of the existing law at the time of the policy's inception); Yamaguchi v. State Farm Mutual Auto. Ins. Co., 706 F.2d 940 (9th Cir. 1983)(an insurance policy must be construed liberally in favor of the insured); and Retherford v. Kama, 52 Hawai`i 91, 470 P.2d 517 (1970)(rights of parties are determined by the terms of the policy). See further: H.R.S. 431:10-237, which states that every insurance contract, including the rights and obligations of the parties therein, shall be interpreted based upon the

terms and conditions set forth <u>in</u> the policy, including any rider, endorsement, exclusion or other attachment <u>to</u> the policy. This statute language does not afford for modification of these obligations, unilaterally by the insurer, and after the fact through a separate "implied contract".

SCOTTSDALE's claim for reimbursement, effectively, seeks to shift the risk of denying a duty to defend away from the insurer, and to the insured. In relying upon certain California law, SCOTTSDALE is hoping to place the ultimate burden upon the insured to determine whether a duty to defend exists, along with all risks associated with that determination. In so doing, SCOTTSDALE may obviate its obligations under the insuring agreement, by categorically reserving its rights, in every case, to recover defense costs against an insured. An insured, rather than the insurer, must then determine whether the technical language of the policy eviscerates coverage, even where the insured reasonably expects such coverage.

There is absolutely no support in Hawai`i law for the shifting of this burden from the insurer and onto the insured. To the contrary, existing law in Hawai`i, as noted above, indicates that such a shift would be rejected.

4

## III.    THERE IS ABSOLUTELY NO LEGAL AUTHORITY IN HAWAII SUPPORTING SCOTTSDALE'S CLAIM FOR REIMBURSEMENT

SCOTTSDALE's claim relies upon two California cases which have basically construed an insurer's reservation of rights letter to constitute an implied contract.[1] Hawai`i law has never addressed the fundamental question of whether an insurer may modify contractual obligations under an existing agreement, through a reservation of rights letter.  H.R.S. §431:10-237 indicates that such an avenue is not available to the insurer.

Typically, an insurer receives a tender of claims for defense and indemnity and is the party then charged with conducting an investigation to determine whether its duty to defend and/or to indemnify have been triggered. See: Tri-S Corp. v. W. World Insurance Co., 110 Hawai`i 473, 135 P.3d 82 (2006)(insurer has duty to investigate claims for determination of coverage).  That contractual obligation does not lie with the insured.  If the insurer determines that there is no duty to defend or indemnify, the insurer must so notify the insured.

---

[1]    Even under California law, the courts are split as to when a reservation of rights letter constitutes an implied contract by which an insurer may recover defense costs.  See: Continental Casualty Co. v. Hamachi, 1997 U.S. Appellate LEXIS 32126 (note cited for precedential value) (finding reservations of rights letter did not constitute contract independent of insurance policy); and Walbrook Ins. Co., Ltd. v. Goshgarian and Goshgarian, 726 F.Supp. 1989 (Central D. Ca. 1989)(discussing theories of recover).

The risks associated with making the wrong determination, rest solely with the insurer.  If the insurer is confident in its decision, it may refuse to defend outright. If the insurer is uncertain (which is always because of some ambiguity), it may file a declaratory relief action and may also choose to defend under a reservation of rights to later withdraw that defense, upon a favorable ruling in the declaratory action that it owes no contractual duty to the insured.

Allowing an insurer to modify its obligations under the insurance policy by <u>arguably</u> creating an implied contract,[2] which then places the insured in a position of having to decide between its belief that coverage exists and the risk of having to later pay for the defense costs if it is ultimately wrong, is unconscionable.   <u>See</u>:  H.R.S. §490:2-302 (unconscionable contract or clause). This is particularly true where the insurer obviates certain of its obligations under the existing insurance contract (the duty to investigate and determine whether coverage is triggered) while still gaining the benefit of controlling the defense and potential settlement in the underlying action.[3]

---

[2]    A reservation of rights letter reserves rights under the insurance policy and does not create new obligations or contractual rights. <u>See</u>: <u>First Insurance v. State of Hawaii</u>, 66 Hawai`i 413, 665 P.2d 648 (1983).

[3]    During settlement discussions with Magistrate Kevin Chang in the underlying action, Defendant SULLIVAN attempted to resolve the coverage issues presented in this case, contemporaneously with the underlying action, since Scottsdale was

Again, Hawai`i law, including the statutory provisions cited above, suggests that reimbursement of defense costs in an underlying action based upon a theory of implied contract would be rejected.

## IV.    CERTIFICATION OF ISSUES TO THE HAWAI`I SUPREME COURT

Assuming this Court concludes that the Hawai`i law referenced above is not dispositive of the issue, this Court must, in the exercise of its sound discretion, and in order to resolve the pending motion, certify the following issue to the Hawai`i Supreme Court:

> (1)    Whether, and under what circumstances, an insurer may recover defense costs paid in an underlying action, where it is later determined that the insured did not have a duty to defend the insured.

Certification of issues to the Hawai`i Supreme Court are permitted pursuant to Rule 13 of the Hawai`i Rules of Appellate Procedure, and are appropriate where there is an uncertain question of State law which must be resolved and which affects the resolution of the federal claim.  See: City of Houston, Texas v. Hill, 482 U.S. 451, 107 S.Ct. 2502 (1987).  See also:  Brockett

_____

actively participating in those settlement discussions.  Those efforts were rejected.

v. Spokane Arcades, Inc., 472 U.S. 491, 510 (1985) ("speculation by a federal

court about the meaning of a state statute in the absence of prior state court

adjudication in particularly gratuitous when...the state courts stand willing to

address questions of state law on certification from a federal court.").  Here, there

is no only uncertainty about State law on the issue, there is a complete absence of

any law on point.  Further, this Court may not look to the law of another

jurisdiction to determine what it believes Hawaii law would follow.

In Pai `Ohana v. United States of America, 875 F.Supp. 680 (D.

Hawai`i 1995), the Court set forth the criteria applicable for certification of issues

to the Hawai`i Supreme Court.  Although ultimately deciding that the issue was

not dispositive of the claim and therefore not appropriate for certification, the

Court noted that:

> The Supreme Court of the United States has approved of
> the limited use of certified questions to state supreme
> courts when a federal court case involves an important
> question of state law which is both unclear under state
> legal precedent and would be determinative in the instant
> case.

Id., at 699, citing Virginia v. American Booksellers Ass'n., 484 U.S. 383, 393-98,

Bellotti v. Baird, 428 U.S. 132, 150-52; and Lehman Bros. v. Schein, 416 U.S.

386, 389-92; Clay v. Sun Ins. Office, 363 U.S. 207, 214.

Certified questions have been received by the Hawai`i Supreme Court from the federal court (both this District and the 9th Circuit), for a number of issues, many of which involving existing Hawai`i law, but which still required clarification.  See generally: Smith v. Cutter Biological, Inc., 911 F.2d 374 (9th Cir. 1990)(certifying questions concerning application of Hawai`i's Blood Shield Law); United States of America v. Allstate Insurance Co., 69 Hawai`i 290, 740 P.2d 550 (1987)(addressing whether Hawai`i no-fault laws allowed the recovery of medical care paid by the federal government); National Union Fire Insurance Co. v. Olson, 69 Hawai`i 559 (1988)(addressing certified questions from the Ninth Circuit on Hawai`i uninsured motorist and no-fault statutes); Graulty v. Bank of Hawaii, 69 Hawai`i 523 (1988)(answering certified question from the Ninth Circuit as to banking entity's liability under statute); Roes v. FHP, Inc., 91 Hawai`i 470, 985 P.2d 661 (1999)(answering certified questions from the District Court concerning whether Hawai`i law recognizes certain tort claims); Allstate Insurance Company v. Alamo Rent-A-Car, Inc., 137 F.3d 634 (9th Cir. 1998)(in which 9th Circuit certified question to Hawai`i Supreme Court as to whether Allstate's shifting clause violated Hawai`i's no fault laws); and Kinshita v. Canadian Pacific Airlines, Ltd., 803 F.2d 471 (9th Cir. 1986)(relying upon questions certified by the 9th Circuit to the Hawai`i Supreme Court addressing whether, under certain circumstances, an enforceable contract had been created).

Clearly, there is no Hawai`i law upon which this Court can rely in determining that SCOTTSDALE is entitled to reimbursement of defense costs paid. SCOTTSDALE may not recover such costs, if at all, absent a determination by the Hawai`i Supreme Court that such relief is available.

Based upon the Court's earlier comments and in anticipation of the Court finding SCOTTSDALE's claim to be potentially viable, Defendant SULLIVAN has, contemporaneous with this filing, submitted a Motion To Certify Question to the Hawai`i Supreme Court.

## V.   CONCLUSION

Based upon the foregoing, Defendant SULLIVAN respectfully urges this Court to deny SCOTTSDALE's Motion outright, on grounds that the relief sought is not authorized under Hawai`i law. Alternatively, Defendant SULLIVAN respectfully urges this Court to certify the issue as to whether an insurer (and under what circumstances) may recover defense costs paid in an underlying action and to hold this matter is abeyance until the certified question has been answered.

DATED: Honolulu, Hawaii, January 4, 2007.

        /s/ Michele-Lynn E. Luke
MICHELE-LYNN E. LUKE
Attorney for Defendant
ROBERT B. SULLIVAN

## CERTIFICATE OF SERVICE

I hereby certify that, on January 4, 2007, and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

## SERVED ELECTRONICALLY THROUGH CM/ECF:

SIDNEY K. AYABE, ESQ.                    sidney.ayabe@hawadvocate.com
JEFFREY H.K. SIA, ESQ.                   jeffrey.sia@hawadvocate.com
1001 Bishop Street
2500 Pauahi Tower
Honolulu, Hawaii 96813
    Attorneys for Plaintiff


ROY J. TJIOE, ESQ.                       rtjioe@goodsill.com
EMILY REBER PORTER, ESQ.                 eporter@goodsill.com
Goodsill Anderson Quinn & Stifel
1099 Alakea Street, Suite 1800
Honolulu, Hawaii 96813
    Attorneys for Defendant
    SULLIVAN PROPERTIES, INC.


COLIN O. MIWA, ESQ.                      cmiwa@cades.com
Cades Schutte
1000 Bishop Street, Suite 1200
Honolulu, Hawaii 96813
    Attorneys for Defendants
    MAUI LAND & PINEAPPLE
    COMPANY, INC. and KAPALUA LAND COMPANY, LTD.

DATED: Honolulu, Hawaii, January 4, 2007.


    /s/ Michele-Lynn E. Luke
    MICHELE-LYNN E. LUKE
    Attorney for Defendant
    ROBERT B. SULLIVAN