IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) ) ) | CIVIL NO. CV04-00550 HG BMK (Declaratory Relief) |
| Plaintiff, | ) | **MEMORANDUM IN SUPPORT** |
| vs. | ) ) | **OF MOTION** |
| SULLIVAN PROPERTIES, INC.; ROBERT B. SULLIVAN; MAUI LAND & PINEAPPLE COMPANY, INC.; AND KAPALUA LAND COMPANY, LTD. | ) ) ) ) ) | |
| Defendants. | ) ) ) ) ) ) ) | |

## MEMORANDUM IN SUPPORT OF MOTION

## I.    INTRODUCTION

On December 1, 2006, Plaintiff SCOTTSDALE INSURANCE

COMPANY (hereinafter "SCOTTSDALE") filed a "Motion for Partial Summary

Judgment Re: Reimbursement Claim", seeking an order of this Court allowing the

recovery of defense costs paid by SCOTTSDALE in defense of Defendants

ROBERT SULLIVAN (hereinafter "Defendant SULLIVAN") and SULLIVAN

PROPERTIES in an underlying action.  Defendant SULLIVAN incorporates

herein, by reference, said Motion, SCOTTSDALE's Concise Statement of Facts

filed on December 1, 2006 and Defendant SULLIVAN's opposition to said

Motion, filed January 4, 2007.

## II.    CERTIFICATION IS REQUIRED IN ORDER TO ADJUDICATE SCOTTSDALE'S PENDING CLAIM

In order to adjudicate SCOTTSDALE's pending claim, this Court

must rely upon and apply Hawai`i law.  Both parties, and this Court, have

conceded that Hawai`i courts have never addressed whether and/or under what

circumstances an insurer may recover its costs of defense from an insured.

Therefore, there is no law upon which this Court may rely in considering, much

less granting SCOTTSDALE's claim for such recovery.

Hawai'i provides a mechanism for certification of issues, as stated in

Rule 13, Hawaii Rules of Appellate Procedure:

> (a) When certified. When a federal district or appellate court certifies to the Hawai''i Supreme Court that there is involved in any proceeding before it a question concerning the law of Hawai''i that is determinative of the cause and that there is no clear controlling precedent in the Hawai''i judicial decisions, the Hawai''i Supreme Court may answer the certified question by written opinion.

> (b) Contents of certificate. The certificate provided for herein shall contain the title of the Hawai''i Supreme Court and the title of the cause in full, and to the right thereof the words

2

"Certified Question" and the name of the court submitting or approving the submission of the question. The certificate shall also contain a statement of prior proceedings in the case, a statement of facts showing the nature of the cause, the question of law to be answered, and the circumstances out of which the question arises.

(c) Preparation of certificate. The certificate may be prepared by stipulation or as directed by such federal court. When prepared and signed by the presiding judge of such federal court, it shall be certified to the Hawai''''i Supreme Court by the clerk of the federal court and under its official seal. The Hawai''i Supreme Court may, in its discretion, require original or copies of all or any portion of the record before the federal court to be filed with the certificate.

(d) Briefs. Briefs conforming to the Hawai''i Rules of Appellate Procedure shall be filed by the parties as ordered by the court.

Where a state court provides a mechanism for certification for the federal courts, such certification is appropriate to resolve otherwise unknown or unclear questions of state law. City of Houston, Texas v. Hill, 482 U.S. 451, 107 S.Ct. 2502 (1987); and Brockett v. Spokane Arcades, Inc., 472 U.S. 491, 510 (1985) ("speculation by a federal court about the meaning of a state statute in the absence of prior state court adjudication in particularly gratuitous when...the state courts stand willing to address questions of state law on certification from a federal court.").

Since Hawai`i courts are completely silent on the issue of an insurer's ability to recover defense costs paid in an underlying action, and since a determination of state law on this question is dispositive of SCOTTSDALE's claim for reimbursement, certification is warranted.

The District of Hawai`i, as well as the Ninth Circuit, have repeatedly availed themselves of the certification process to address state law issues. See generally: Smith v. Cutter Biological, Inc., 911 F.2d 374 (9th Cir. 1990)(certifying questions concerning application of Hawai`i's Blood Shield Law); United States of America v. Allstate Insurance Co., 69 Hawai`i 290, 740 P.2d 550 (1987)(addressing whether Hawai`i no-fault laws allowed the recovery of medical care paid by the federal government); National Union Fire Insurance Co. v. Olson, 69 Hawai`i 559 (1988)(addressing certified questions from the Ninth Circuit on Hawai`i uninsured motorist and no-fault statutes); Graulty v. Bank of Hawaii, 69 Hawai`i 523 (1988)(answering certified question from the Ninth Circuit as to banking entity's liability under statute); Roes v. FHP, Inc., 91 Hawai`i 470, 985 P.2d 661 (1999)(answering certified questions from the District Court concerning whether Hawai`i law recognizes certain tort claims); Allstate Insurance Company v. Alamo Rent-A-Car, Inc., 137 F.3d 634 (9th Cir. 1998)(in which 9th Circuit certified question to Hawai`i Supreme Court as to whether Allstate's shifting

4

clause violated Hawai`i's no fault laws); and <u>Kinshita v. Canadian Pacific Airlines, Ltd.</u>, 803 F.2d 471 (9th Cir. 1986)(relying upon questions certified by the 9th Circuit to the Hawai`i Supreme Court addressing whether, under certain circumstances, an enforceable contract had been created).   This Court, likewise, should avail itself of the certification process, to properly adjudicate SCOTTSDALE's pending claim.

## III.   <u>CONCLUSION</u>

Based upon the foregoing, Defendant SULLIVAN respectfully urges this Court to certify the above question to the Hawai`i Supreme Court.

DATED: Honolulu, Hawaii, January 4, 2007.


    /s/ Michele-Lynn E. Luke
MICHELE-LYNN E. LUKE
Attorney for Defendant
ROBERT B. SULLIVAN