AYABE, CHONG, NISHIMOTO,
  SIA & NAKAMURA, A Limited
  Liability Law Partnership

SIDNEY K. AYABE            968-0
JEFFREY H. K. SIA          3029-0
Pauahi Tower, Suite 2500
1001 Bishop Street
Honolulu, Hawaii  96813
Telephone No.:  (808) 537-6119
Facsimile No.:   (808) 537-6119
Sidney.Ayabe@hawadvocate.com
Jeffrey.Sia@hawadvocate.com

SELMAN • BREITMAN LLP

ALAN B. YUTER
RACHEL E. HOBBS
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, California 90025-6538
Telephone:  (310) 445-0800
Facsimile:  (310) 473-2525
AYuter@SelmanBreitman.com
RHobbs@selmanbreitman.com

Attorneys for Plaintiff
SCOTTSDALE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) ) ) | CIVIL NO. CV04 00550 HG/BMK (Declaratory Relief ) |
| Plaintiff, | ) ) ) ) | PLAINTIFF SCOTTSDALE INSURANCE COMPANY'S REPLY MEMORANDUM IN SUPPORT OF |
| vs. | ) ) | MOTION FOR PARTIAL SUMMARY JUDGMENT RE: |

SULLIVAN PROPERTIES, INC.;          )    REIMBURSEMENT CLAIM FILED
ROBERT B. SULLIVAN; MAUI            )    ON 12/1/06; PAGE LENGTH
LAND & PINEAPPLE COMPANY,           )    CERTIFICATION; CERTIFICATE
INC.; AND KAPALUA LAND              )    OF SERVICE
COMPANY, LTD.,                      )
                                    )
                   Defendants.      )    No trial date set
                                    )
_____   )

[2004432/#321793]

### PLAINTIFF SCOTTSDALE INSURANCE COMPANY'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT RE: REIMBURSEMENT CLAIM FILED ON 12/1/06

/

/

/

/

/

/

/

/

/

/

/

/

/

## TABLE OF CONTENTS

I.    INTRODUCTION  ................................................................  7

II.   DISCUSSION AND ARGUMENT  .......................................  9

      A.    Ruling That Scottsdale Was Entitled To Amounts It Never Owed As A Matter Of Law Was In Keeping With Hawaii Law  ...............  9

      B.    The Amount Claimed By Scottsdale Is Not Disputed, So The Court Should Order Payment Of That Amount.  .................................  19

      C.    No Need To Certify The Reimbursement Issue To The Hawaii Supreme Court. …………………………………………………  19

III.  CONCLUSION  ..................................................................  22

TABLE OF AUTHORITIES

<u>CASES</u>

***Allstate Ins. Co. v. Kim***,
121 F.Supp.2d 130l, 1307, fn. 3 (D.Haw. 2000) ……………………… 9-10, 14

***American & Foreign Ins. Co., Inc. v. Sequatchie Concrete Services, Inc.***
441 F.3d 341, 347 (6th Cir., 2006) ........................................................ 14

***Arizona Elec. Power Coop., Inc. v. Berkeley***,
59 F.3d 988, 991 (9th Cir., 1995) ........................................................ 20

***Blue Ridge Ins. Co. v. Jacobsen***,
22 P.3d 313, 106 Cal.Rptr.2d 535 (2001) ............................................ 18

***Brown v. Judd***, 17 Haw. 601 (1906) ........................................................ 13

***Buss v. Superior Court***, 939 P.2d 766, 65 Cal.Rptr.2d 366 (1997) ........... 10-16

***Chock v. GEICO***, 103 Haw. 263, 81 P.3d 1178 (2003) ............................ 15

***Colony Insurance Company v. G&E Tires & Service, Inc.***,
777 So.2d 1034, 1039 (Fla.App. 1 Dist., 2000) .................................... 13

***Executive Risk Indem., Inc. v. Pacific Educational Services, Inc.***,
451 F.Supp.2d 1147 (D.Haw., 2006) ...................................................10, 21-22

***Grinnell Mut. Reinsurance Co. v. Shierk***,
996 F.Supp. 836 (S.D. Ill., 1998) ........................................................ 13

***Haskell v. State Farm Mut. Auto. Ins. Co.***,
187 F.Supp.2d 1231 (D.Haw., 2002) .................................................... 20

***Hogan v. Midland Ins. Co.***, 476 P.2d 825, 91 Cal.Rptr. 153 (1970) ......... 14-15

***Hong v. Kong***, 5 Haw.App. 174, 182, 683 P.2d 833 (1984) ..................... 13

***Lehman Bros. v. Schein***, 416 U.S. 386, 94 S.Ct. 1741 (1974) .................. 8

*Moore v. R.G. Indus., Inc.*, 789 F.2d 1326 (9th Cir., 1986) ....................... 20

*Pai 'Ohana v. United States*, 875 F.Supp. 680 (D. Haw., 1995) ............... 19-20

*Progressive Cas. Ins. Co. v. Ferguson*,
    134 F.Supp.2d 1159, 1162 (D.Haw., 2001) .......................................... 20

*Ranger Ins. v. Hinshaw*, 103 Haw. 26, 79 P.3d 119 (S.Ct., 2003) ............ 15

*Richardson v. City and County of Honolulu*,
    802 F.Supp. 326 (D.Haw., 1992) ........................................................ 20-21

*Scottsdale v. MV Transp.*, 115 P.3d 460, 31 Cal.Rptr.3d 147 (2005) ........ 10-13

*Sentinel Ins. Co. v. First Insurance*,
    76 Haw. 277, 875 P.2d 894 (1994) .......................................................13-15, 21

*Small v. Badenhop*, 67 Haw. 626, 635-636, 701 P.2d 647 (1985) ............ 13

*Snead v. Metropolitan Prop. & Cas. Ins. Co.*,
    237 F.3d 1080 (9th Cir., 2001),
    *cert. denied*, 534 U.S. 888, 122 S.Ct. 201 (2001) ................................. 20

*Standard Oil v. Hawaiian Ins. & Guarantee Co.*,
    2 Haw.App. 451, 634 P.2d 123 (1981),
    *aff'd*, 65 Haw. 521, 654 P.2d 1345 (S.Ct., 1982) .................................. 14

*Stein v. State Farm Mut. Auto. Ins. Co.*,
    934 F.Supp. 1171 (D.Haw., 1996) ........................................................ 20

*Travelers Cas. & Surety Co. v. Ribi Immunochem Research, Inc.*,
    326 Mont. 174, 108 P.3d 469 (2005) .................................................... 13

*United Nat. Ins. Co. v. SST Fitness Corp.*,
    309 F.3d 914, 921 (6th Cir., 2002) ...................................................... 13

## STATUTES

H.R.S. §431:10-242 ……………………………………………………………. 16

<u>TREATISES</u>

Restatement (2nd) of Contracts §69 (1981) ……………………………… 17

Croskey et. al., California Practice Guide: Insurance Litigation
(The Rutter Group 2003), §7:505-511 ……………………………….. 18

## I.    INTRODUCTION

Plaintiff Scottsdale Insurance Company ("Scottsdale") submits this Reply Memorandum in response to Defendant Robert B. Sullivan's Memorandum in Opposition to Scottsdale's Motion for Partial Summary Judgment Re: Reimbursement Claim Filed on 12/1/06 ("Sullivan Memo/Opp") and Defendant Sullivan Properties, Inc.'s Joinder to said Memorandum in Opposition.[1]  Scottsdale submits that the Sullivan Defendants' arguments are without merit.

Scottsdale acknowledges that there is no Hawaii case law precisely on point with respect to an insurer's right to reimbursement; however, there are Hawaii state court cases that lend credence to, and by logical extension, support for this Court's position with respect to Scottsdale's reimbursement claim.  For example, Hawaii's courts have utilized and/or applied equitable principles of quasi-contract and unjust enrichment to find or conclude that a party should provide restitution of amounts to which it was never entitled.  A logical extension of this principle is that an insured should reimburse the insurer for defense fees/costs that the insurer incurred, but never owed.  In fact, courts in numerous other jurisdictions, including the California Supreme Court as noted by this Court, have recognized that based on the principles of quasi-contract and unjust enrichment, an insurer who properly reserves its rights is entitled to reimbursement

---

[1]  Defendants Robert B. Sullivan and Defendant Sullivan Properties, Inc. hereinafter are collectively referred to as "the Sullivan Defendants."

of amounts it never owed. Further, the Hawaii courts frequently turn to the California courts for guidance with respect to insurance coverage law. Reimbursement of defense fees/costs that Scottsdale never owed because it did not have a duty to defend the Sullivan Defendants is in keeping with established principles of Hawaii law.

The Sullivan Defendants have not been "prejudiced" so as to prevent reimbursement. Based on the Sullivan Defendants' use of the term, *any* adverse judgment is prejudicial to the party against whom the judgment is entered against; however, the prospect of an adverse judgment does not constitute the type of "prejudice" that should prevent the granting of the judgment in the first instance. Scottsdale's actions have not otherwise "prejudiced" the Sullivan Defendants and do not preclude reimbursement of monies it was not legally obligated to pay.

This Court is not "required" to certify the reimbursement issue to the Hawaii Supreme Court. A federal court is never "required" to certify a given issue to the state supreme court. To the contrary, the decision as to whether to certify an issue rests soundly within this Court's discretion. *See e.g.*, **Lehman Bros. v. Schein**, 416 U.S. 386, 389-92, 94 S.Ct. 1741, 1743-45 (1974). Scottsdale also submits that the reimbursement issue is not appropriate for certification because there is a sufficient basis for this Court to make an informed decision on Hawaii law with respect to this reimbursement issue. Scottsdale will address the

8

"certification" issue in more detail in its memorandum in opposition to the Sullivan Defendants' related Motion to Certify Issue to the Hawaii Supreme Court filed on 1/4/07.

The timing of the Sullivan Defendants' request for certification is questioned. This Court's Order granting Scottsdale's initial Motion for Partial Summary Judgment and mentioning the reimbursement issue was filed on 2/28/06. In that Order, this Court clearly invited Scottsdale to file a follow-up motion with respect to the reimbursement issue with proper documentation of the attorney's fees and costs incurred to defend the Sullivan Defendants in the underlying action. *See* Order Granting Scottsdale's Motion for Partial Summary Judgment and Denying the Sullivan Defendants' Cross-Motion and Counter Motion for Summary Judgment Filed on 2/28/06. Yet, the Motion to Certify Issue to the Hawaii Supreme Court was filed last week. If the issue is certified and submitted to the Hawaii Supreme Court, as a practical matter, there very well may not be a response for a year, if not many years from now, seriously delaying this matter. The Sullivan Defendants also have not cited case law in which the federal court certified an issue to the state appellate court *after* ruling on the issue.

## II.    DISCUSSION AND ARGUMENT

### A.    Ruling That Scottsdale Was Entitled To Amounts It Never Owed As A Matter Of Law Was In Keeping With Hawaii Law.

In *Allstate Ins. Co. v. Kim*, 121 F.Supp.2d 130l, 1307, fn. 3 (D.Haw.

2000), the District Court noted that Hawaii's courts frequently turned to California caselaw for guidance on insurance coverage issues.[2]  This Court properly looked to the California Supreme Court cases of ***Buss v. Superior Court***, 939 P.2d 766, 65 Cal.Rptr.2d 366 (1997) and ***Scottsdale v. MV Transp.***, 115 P.3d 460, 31 Cal.Rptr.3d 147 (2005) for guidance on the reimbursement issue.  In ***Buss,*** the California Supreme Court held that although an insurer must fully defend an action that involves only some potentially covered claims, it may seek reimbursement of amounts expended on claims that never involved a potential for coverage as a matter of law. ***Id.*** at 49-51.  In so holding, the ***Buss*** court noted that the equitable principle of quasi-contract compels such a result, in order to prevent the unjust enrichment of the insured. ***Id.***  As the ***Buss*** court put it:

> Under the policy, the insurer does not have a duty to defend the insured as to the claims that are not even potentially covered.  With regard to defense costs for these claims, the insurer has not been paid premiums by the insured.  It did not bargain to bear these costs.  To attempt to shift them would not upset the arrangement. [Citations omitted]

***Id.*** at 51-52.

Thus, the ***Buss*** Court held that because an insurer is not obligated to pay defense costs for claims that are not even potentially covered, requiring an insured to bear such costs "would not upset the arrangement."  In fact, forcing the

---

[2] In fact, the holding in ***Allstate v. Kim*** was referenced in ***Executive Risk Indem., Inc. v. Pacific Educational Services, Inc.***, 451 F.Supp.2d 1147, 1159 (D.Haw., 2006), a case cited and relied on by the Sullivan Defendants.

insurer to bear such unbargained-for costs would result in a windfall to the insured. To foreclose such a result, the *Buss* Court held, the insurer is entitled to reimbursement of amounts it spends on the non-covered claims. It stated:

> The insurer therefore has a right of reimbursement that is implied in law as quasi-contractual, whether or not it has one that is implied in fact in the policy as contractual."

*Id.* at 52.

Accordingly, the *Buss* Court held that, even absent express contractual provisions permitting reimbursement, the insurer has an "implied-in-law," or quasi-contractual, right to seek such reimbursement.

To obtain such reimbursement, the insurer must expressly reserve its right thereto. *Id.* at 61. The reservation, the *Buss* court held, which may be unilateral, puts the insured on notice of the insurer's intent, including the intent to seek reimbursement with respect to any non-covered claims. *Id.* As the *Buss* court explained, such notice allows the insured to respond as it deems fit, by either permitting the insurer to control the defense or by assuming control over its own defense. *Id.* Thus, *Buss* held that an insurer that properly reserves its rights may seek reimbursement of amounts it never owed under the equitable principles of quasi-contract and unjust enrichment.

In the *MV Transp.* case, the California Supreme Court echoed the *Buss* holding, observing that an insurer defending an action that never involved

*any* potentially covered claims was entitled to full reimbursement of the fees/costs incurred in the insured's defense.  In so holding, the ***MV Transp.*** court hearkened back to ***Buss*** holding that an insured should not, in equity, be permitted to retain amounts to which it is not entitled.  In this regard, the ***MV Transp.*** court observed in relevant part as follows:

> As ***Buss*** explained, the duty to defend, and the extent of that duty, are rooted in basic contract principles.  The insured pays for, and can reasonably expect, a defense against third party claims that are potentially covered by its policy, but no more. Conversely, the insurer does not bargain to assume the cost of defense of claims that are not even potentially covered. To shift these costs to the insured does not upset the contractual arrangement between the parties.  Thus, where the insurer, acting under a reservation of rights, has prophylactically financed the defense of claims as to which it owed no duty of defense, it is entitled to restitution.  Otherwise, the insured, who did not bargain for a defense of noncovered claims, would receive a windfall and would be unjustly enriched.

***Id.*** at 659 (*citing **Buss, supra.***, 16 Cal.4th 35, 47-52.)

Thus, the ***MV Transp.*** Court, like the ***Buss*** Court before it, based its holding regarding the reimbursement issue on the equitable principles of quasi-contract and unjust enrichment.

Significantly, a majority of courts from other jurisdictions that have addressed the reimbursement issue similarly concluded that an insurer who properly reserves its rights is entitled to reimbursement of defense costs it never owed as a matter of law.  Those courts, like the ***Buss*** and ***MV Transp.*** courts, looked to equitable principles such as quasi-contract and unjust enrichment. *See,*

*e.g.*, ***Travelers Cas. & Surety Co. v. Ribi Immunochem Research, Inc.***, 326 Mont. 174, 108 P.3d 469 (2005); ***Grinnell Mut. Reinsurance Co. v. Shierk***, 996 F.Supp. 836 (S.D. Ill., 1998); ***United Nat. Ins. Co. v. SST Fitness Corp.***, 309 F.3d 914, 921 (6th Cir., 2002); ***Colony Insurance Company v. G&E Tires & Service, Inc.***, 777 So.2d 1034, 1039 (Fla.App. 1 Dist., 2000).

Hawaii does not have any cases directly on point (re: the reimbursement issue). Nevertheless, the Hawaii courts have recognized the basic principle that, under the doctrine of quasi-contract, a party cannot in equity be permitted to retain amounts to which it is not entitled, since this would result in the party's unjust enrichment. *See*, *e.g.*, ***Brown v. Judd***, 17 Haw. 601, *1 (1906) (referencing the "general principle" that one may bring an action in quasi-contract to recover money from another who ought to in equity and good conscience refund it); ***Hong v. Kong***, 5 Haw.App. 174, 182, 683 P.2d 833, 840 (1984) (observing that action in quasi-contract lies to prevent one person from being inequitably enriched at another's expense); ***Small v. Badenhop***, 67 Haw. 626, 635-636, 701 P.2d 647, 654 (1985) (citing to the Restatement of the Restitution for the general principle that a person who has been unjustly enriched at the expense of another is required to make restitution to the other). These principles of quasi-contract and unjust enrichment are the basis upon which ***Buss*** and ***MV Transp.*** are predicated.

In ***Sentinel Ins. Co. v. First Insurance***, 76 Haw. 277, 875 P.2d 894

(1994), the Hawaii Supreme Court applied equitable principles that, if followed to their logical conclusion, would support a *Buss*-type reimbursement right. **Sentinel** involved a dispute between two liability insurers regarding defense and indemnity obligations concerning an property damage action against their mutual insured. *Id.* at 286. The Hawaii Supreme Court determined that First Insurance breached its duty to defend the insured. *Id.* at 289-290. Based on that breach, Sentinel asserted that under **Standard Oil v. Hawaiian Ins. & Guarantee Co.**, 2 Haw.App. 451, 634 P.2d 123 (1981), *aff'd*, 65 Haw. 521, 654 P.2d 1345 (S.Ct., 1982), First Insurance not only was obligated to share in the defense fees/costs, but also was obligated to pay for the settlement of the action against the insured. *Id.* at 290-291. The Hawaii Supreme Court disagreed and held that the insurer's breach of the duty to defend did not automatically obligate the insurer to pay the full amount of any settlement or judgment involving the insured. In arriving at its ruling, the Hawaii Supreme Court surveyed cases on point from various other jurisdictions, including California. *Id.* at 293-297.[3] Notably, one of the cases that the Court reviewed and ultimately relied upon was **Hogan v. Midland Ins. Co.**, 476 P.2d 825, 91 Cal.Rptr. 153 (1970), a case relied upon by the **Buss** court.[4] The Hawaii Supreme Court

---

[3] The fact that the **Sentinel** Court invoked **Hogan**, *infra,* and other California cases underscores the fact that the Hawaii courts deem California coverage law very instructive. *See also* **Allstate Ins. Co. v. Kim**, *supra.,* at 1307, fn. 3.

[4]    In **Buss**, the Court observed that in **Hogan**, the court "assumed" that an insurer who defended an action involving non-covered claims under a reservation of rights

noted that, in *Hogan*, the California Supreme Court rejected the notion that an insurer who breaches its duty to defend is precluded from later arguing that it had no duty to indemnify. *Hogan v. Midland*, *supra.*

Citing equitable principles, the Hawaii Supreme Court in *Sentinel* concluded that there should not be a conclusive presumption that an insurer who breaches its duty to defend owes a duty to indemnify. *Id.* at 296-297. Rather, it held that an insurer breaching its duty to defend still had an opportunity to prove that it did not have a duty to indemnify all or part of a settlement or judgment involving its insured. *Id.*

To the extent *Hogan v. Midland Ins. Co.* served as a common basis for *Buss* and *Sentinel*, a logical extension of *Sentinel* is the *Buss*-type reimbursement rule that an insurer properly reserving its rights may seek reimbursement of defense fees and costs being amounts that it never owed if it did not have a duty to defend the insured. The Hawaii Supreme Court in *Sentinel* refused to effectively default or punish an insurer that breached its duty to defend by automatically obligating the insurer to pay the full amount of any settlement or judgment involving the insured. If, as in the case at bar, the insurer *did not* breach its duty to defend, and in fact, had no duty to defend and yet, defended the insured under a reservation of rights (including the right to seek reimbursement), it is not a

could later seek reimbursement of amounts expended on the defense of non-covered claims. *Buss, supra.* 16 Cal.4th 35, 50.

stretch to conclude that the Hawaii court would accept the ***Buss*** reimbursement ruling. If the Hawaii Supreme Court was unwilling to effectuate a penalty upon an insurer that breached the duty to defend, it is not difficult to conclude that it would be willing to permit reimbursement when there is *no* duty to defend and there has been a defense afforded to the insured under a reservation of rights. Equitable considerations also compel this conclusion.

The Sullivan Defendants argued that under H.R.S. §431:10-242, an insured, but not an insurer, who prevails in a declaratory relief action may obtain costs against the insurer. *See* Sullivan Memo/Opp. at 3. However, this characterization of the statute is belied by ***Chock v. GEICO***, 103 Haw. 263, 81 P.3d 1178 (2003), which held that an insurer who prevails in a declaratory relief action may recover its costs.[5] In ***Chock***, the Hawaii Supreme Court observed that the general rule permitting prevailing parties to recover their costs does not conflict with H.R.S. §431:10-242, which is silent as to whether prevailing insurers may recover their costs. ***Id.*** at 268-269. Accordingly, the statute is not *contra*-insurer as the Sullivan Defendants would have this Court believe.

The Sullivan Defendants' "shifted the risk" argument (*see* Sullivan Memo/Opp. at 4) also is unavailing. First, the insurance policy set forth the risks and obligations that the parties were assuming. Among other things, the policy

---

[5] *See also* ***Ranger Ins. v. Hinshaw***, 103 Haw. 26, 79 P.3d 119 (S.Ct., 2003)

provided that Scottsdale would not provide coverage with respect to claims arising from materials "first published" before the inception of coverage. The Sullivan Defendants accepted Scottsdale's defense, knowing Scottsdale's non-coverage position and reservation of rights. Having accepted the defense under a reservation of rights, the Sullivan Defendants cannot seriously claim that they were not bound by or aware of Scottsdale's reservations. *See*, *e.g.*, Restatement (2nd) of Contracts §69 (1981) ("[a] party cannot accept tendered performance while unilaterally altering the material terms on which it is offered.").

Scottsdale did not, by defending under a reservation of rights rather than denying coverage outright, shift any risk to the Sullivan Defendants. Regardless of whether Scottsdale defended under a reservation of rights or denied coverage outright, the Court would have reached the same conclusion that Scottsdale did not have a duty to defend. Scottsdale may have reduced its own risk by defending under a reservation of rights rather than denying coverage outright, but significantly, the defense also benefited the Sullivan Defendants. As various California authorities have observed, defending under a reservation of rights redounds to the benefit of insurers and insureds alike. It allows insurers to minimize "bad faith" exposure if their coverage assessment is wrong, and it benefits insureds by providing a paid defense. If insurers were not permitted to defend and reserve their rights, they would be more likely to deny coverage at the

outset and not afford any defense to the insured. Insureds can take advantage of the insurer's superior resources for mounting a defense. As one prominent California legal authority put it:

> [I]t is usually advisable for an insurer to furnish a defense even if the possibility of coverage seems uncertain or remote. The defense should be furnished on a 'reservation of rights' basis; and then, where appropriate, the insurer should promptly seek a judicial determination of its duty to defend (e.g., by a declaratory relief action).

Croskey et. al., California Practice Guide: Insurance Litigation (The Rutter Group 2003), §7:505-511.

Other authorities are in accord. For example, in *Blue Ridge Ins. Co. v. Jacobsen*, 22 P.3d 313, 106 Cal.Rptr.2d 535 (2001), the California Supreme Court emphasized the benefits of providing a defense in a case of uncertain coverage. It stated that encouraging insurers to defend and settle such cases advances public policy considerations by:

> [T]ransfer[ring] from the injured party to the insurer the risk that the insured may not be financially able to pay the injured party's damages. Although the insurer may preserve its right to seek reimbursement from its insured, as a practical matter the insured may not have the assets necessary to compensate the insurer in full or even in part.

*Id.* at 503.

Accordingly, the Court in *Blue Ridge* observed that by providing a defense under a reservation of rights, an insurer advances policy goals by, among other things, ensuring that the third party's claimed damages can be paid.

In the case at bar, the Sullivan Defendants not only received the benefit of a full and complete defense paid for by Scottsdale, but also resolved the underlying action with a settlement agreement that hardly was onerous or a monetary hardship on them. The Sullivan Defendants agreed to various forms of injunctive relief, including an injunction prohibiting them from continuing to use the "Kapalua" name at issue. Furthermore, *they* received payment as part of the settlement consideration and did not have to pay any money to the plaintiffs in the underlying action. Given the results, Scottsdale cannot be said to have placed them in any greater jeopardy or increased/shifted their "risk" by defending under a reservation of rights.

**B.    The Amount Claimed by Scottsdale is not Disputed, so the Court Should Order Payment of that Amount.**

The $146,880.68 amount sought by Scottsdale is not contested. Accordingly, should this court uphold its prior ruling that Scottsdale is entitled to reimbursement of the defense costs it never owed, it should order defendants to pay their respective shares of the $146,880.68 Scottsdale incurred.

**C.    No Need to Certify the Reimbursement Issue to the Hawaii Supreme Court.**

One of the primary duties of the federal judges is to determine how the courts of the jurisdiction in which they sit would rule on a given issue. *See*, *e.g.*, **Pai 'Ohana v. United States**, 875 F.Supp. 680, 700 (D. Haw., 1995) ("where

there is sufficient state law to enable this court to make an informed decision on the issues, certification is inappropriate."). Federal courts sitting in diversity apply state substantive law, and in the absence of a decision by the state's highest court, federal courts predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance. *See e.g.*, *Haskell v. State Farm Mut. Auto. Ins. Co.*, 187 F.Supp.2d 1231, 1236 (D.Haw., 2002) (J. Mollway); *Progressive Cas. Ins. Co. v. Ferguson*, 134 F.Supp.2d 1159, 1162 (D.Haw., 2001) (J. King), *both citing Snead v. Metropolitan Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1090 (9th Cir., 2001), *cert. denied,* 534 U.S. 888, 122 S.Ct. 201 (2001) and *Arizona Elec. Power Coop., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir., 1995). Stated another way, in the absence of controlling state law, a federal court must use its own best judgment in predicting how the state's highest court would decide the case. *Stein v. State Farm Mut. Auto. Ins. Co.,* 934 F.Supp. 1171, 1175 (D.Haw., 1996) (J. Ezra), *citing Moore v. R.G. Indus., Inc.*, 789 F.2d 1326, 1327 (9th Cir., 1986). Furthermore, if certification does not provide or would result in a significant conservation of the litigants' time and money and judicial resources, then it should be denied. *Pai 'Ohana v. United States*, *supra.* at 700; *Richardson v. City and County of Honolulu*, 802 F.Supp. 326, 344-346 (D.Haw., 1992).

The Sullivan Defendants cited Rule 13 of the Hawaii Rules of

Appellate Procedure, which pertains to certification of an issue to the Hawaii Supreme Court. *See* Sullivan Memo/Opp at 7. The Rule, though, permits the Hawaii Supreme Court to answer the certified question only if there is no "clear controlling precedent in the Hawaii judicial decisions." *See* Rule 13 HRAP; *see also **Richardson v. City and County of Honolulu**, **supra.*** at 344.

As set forth herein, while there may not be a Hawaii appellate case directly on point concerning the reimbursement issue, the Hawaii Supreme Court has recognized and followed certain legal principles that are cornerstones to the ***Buss***-type reimbursement claim. Also, the ***Sentinel*** case also provides a logical, reasonable basis for this Court to conclude that reimbursement is in order here.

The ***Executive Risk*** case relied upon by the Sullivan Defendants is distinguishable with respect to certification of the reimbursement issue. Significantly, the insureds in ***Executive Risk*** defaulted and never appeared in the case. ***Executive Risk Indem., Inc. v. Pacific Educational Services, Inc.***, ***supra.*** at 1154. Thus, there was no opposing argument or briefing on reimbursement sought by the insurer. ***Id.*** at 1163. District Judge Mollway noted that it was likely that the insureds defaulted because they did not have sufficient assets to satisfy any judgment, and as such, the insurer's reimbursement request likely was a "throw-away" argument, which may have explained the insurer's "almost cavalier" request for it. ***Id.*** District Judge Mollway also noted that the insurer failed to point to any

Hawaii principles supporting an insurer's right to reimbursement of defense costs that it never owed (such as the authorities Scottsdale discusses herein). *Id.* Given those factors, it is no wonder that District Judge Mollway declined to grant reimbursement. Significantly, she did not rule that an insurer, generally speaking, was not entitled to reimbursement in the appropriate circumstances.

The circumstances regarding Scottsdale's reimbursement claim are very different than those presented in *Executive Risk*. Scottsdale claimed reimbursement in its Complaint; the Sullivan Defendants were active participants and now have argued and briefed the reimbursement issue; and Scottsdale has referred/cited to Hawaii case law and presented arguments to show that there is a basis in Hawaii law from which reimbursement can be ordered.

## III.  CONCLUSION

Based on the foregoing, Scottsdale respectfully requests this Court to grant Scottsdale's Motion seeking reimbursement and order the Sullivan Defendants to pay their respective shares of the $146,880.68 sought by Scottsdale.

DATED: Honolulu, Hawaii, January 11, 2007.

/s/ Jeffrey H. K. Sia
SIDNEY K. AYABE
JEFFREY H. K. SIA
ALAN B. YUTER
RACHEL E. HOBBS
Attorneys for Plaintiff
SCOTTSDALE INSURANCE COMPANY

22