AYABE, CHONG, NISHIMOTO,
  SIA & NAKAMURA, A Limited
  Liability Law Partnership

SIDNEY K. AYABE          968-0
JEFFREY H. K. SIA        3029-0
Pauahi Tower, Suite 2500
1001 Bishop Street
Honolulu, Hawaii  96813
Telephone No.:  (808) 537-6119
Facsimile No.:   (808) 537-6119
Sidney.Ayabe@hawadvocate.com
Jeffrey.Sia@hawadvocate.com

SELMAN • BREITMAN LLP

ALAN B. YUTER
RACHEL E. HOBBS
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, California 90025-6538
Telephone:  (310) 445-0800
Facsimile:  (310) 473-2525
AYuter@SelmanBreitman.com
RHobbs@selmanbreitman.com

Attorneys for Plaintiff
SCOTTSDALE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) ) ) | CIVIL NO. CV04 00550 HG/BMK (Declaratory Relief ) |
| Plaintiff, | ) ) ) ) | PLAINTIFF SCOTTSDALE INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION |
| vs. | ) ) | TO DEFENDANT ROBERT B. SULLIVAN'S MOTION TO |

SULLIVAN PROPERTIES, INC.;           )   CERTIFY ISSUE TO THE HAWAII
ROBERT B. SULLIVAN; MAUI            )   SUPREME COURT FILED ON
LAND & PINEAPPLE COMPANY,            )   1/4/07; CERTIFICATE OF SERVICE
INC.; AND KAPALUA LAND              )
COMPANY, LTD.,                      )
                                    )   No trial date set
            Defendants.             )
                                    )
_____     )

[2004432/#323117]

## PLAINTIFF SCOTTSDALE INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION TO DEFENDANT ROBERT B. SULLIVAN'S MOTION TO <u>CERTIFY ISSUE TO THE HAWAII SUPREME COURT FILED ON 1/4/07</u>

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

2

## TABLE OF CONTENTS

I.      INTRODUCTION  ................................................................  7

II.     DISCUSSION AND ARGUMENT  ......................................  9

        A.    No Need to Certify the Reimbursement Issue to the Hawaii Supreme
              Court  ......................................................................  9

        B.    There is a Basis in Hawaii Law For Reimbursement  .................  13

              1.    Hawaii Often Looks to California Law On Insurance Issues  14

              2.    Hawaii Recognizes These Equitable Principles ...............  15

        C.    *Executive Risk* Involved Much Different Circumstances ...........  19

III.    CONCLUSION  ...................................................................  20

TABLE OF AUTHORITIES

<u>CASES</u>

***Allstate v. Alamo Rent-a-Car***, 137 F.3d 634, 637 (1998) ……………….…     20

***Allstate Ins. Co. v. Kim***,
    121 F.Supp.2d 130l, 1307, fn. 3 (D.Haw. 2000) …………………….…     14, 17

***Arizona Elec. Power Coop., Inc. v. Berkeley***,
    59 F.3d 988 (9th Cir., 1995)  ................................................................     20

***Batts v. Tow-Motor Forklift Co.***, 66 F.3d 743 (5th Cir., 1995),
    *cert. denied*, 517 U.S. 1221, 116 S.Ct. 1851 (1996) …………………..     13

***Best Place, Inc. v. Penn America Insurance Co.***,
    82 Hawai'i 120, 920 P.2d 334 (1996) ……………………………………     11-12

***Brown v. Judd***, 17 Haw. 601 (1906) .........................................................     16

***Burlington Ins. Co. v. Oceanic Design & Const., Inc.***,
    383 F.3d 940 (9th Cir., 2004) ……………………………………………..     10

***Buss v. Superior Court***, 939 P.2d 766, 65 Cal.Rptr.2d 366 (1997)  ...........   8, 14-18

***Colony Insurance Company v. G&E Tires & Service, Inc.***,
    777 So.2d 1034, 1039 (Fla.App. 1 Dist., 2000) ...................................     15

***DeWeerth v. Baldinger***, 38 F.3d 1266 (2d Cir.),
    *cert. denied*, 513 U.S. 1001, 115 S.Ct. 512 (1994) ……………………     12-13

***Erie Railroad Co. v. Tompkins***,
    304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) ……………………..     12

***Executive Risk Indem., Inc. v. Pacific Educational Services, Inc.***,
    451 F.Supp.2d 1147 (D.Haw., 2006) ...................................................     14, 19

***Grinnell Mut. Reinsurance Co. v. Shierk***,
    996 F.Supp. 836 (S.D. Ill., 1998) .........................................................     15

*Haskell v. State Farm Mut. Auto. Ins. Co.*,
187 F.Supp.2d 1231 (D.Haw., 2002) .................................................... 9

*Hogan v. Midland Ins. Co.*, 476 P.2d 825, 91 Cal.Rptr. 153 (1970) ......... 8, 17-18

*Hong v. Kong*, 5 Haw.App. 174, 182, 683 P.2d 833 (1984) ...................... 16

*Lehman Bros. v. Schein*, 416 U.S. 386, 94 S.Ct. 1741 (1974) ................. 7-8

*McGeshick v. Choucair, M.D.*, 72 F.3d 62 (7th Cir., 1995),
*cert. denied,* 517 U.S. 1212, 116 S.Ct. 1834, 134 L.Ed.2d 937 (1996) .. 12

*Moore v. R.G. Indus., Inc.*, 789 F.2d 1326 (9th Cir., 1986) ...................... 10

*Pai 'Ohana v. United States*, 875 F.Supp. 680 (D. Haw., 1995) .............. 9-10

*Progressive Cas. Ins. Co. v. Ferguson*,
134 F.Supp.2d 1159, 1162 (D.Haw., 2001) ......................................... 10

*Richardson v. City and County of Honolulu*,
802 F.Supp. 326 (D.Haw., 1992) ........................................................ 10-11

*Scottsdale v. MV Transp.*, 115 P.3d 460, 31 Cal.Rptr.3d 147 (2005) ........ 14-16

*Sentinel Ins. Co. v. First Insurance*,
76 Haw. 277, 875 P.2d 894 (1994) ..................................................... 8, 16-18

*Small v. Badenhop*, 67 Haw. 626, 635-636, 701 P.2d 647 (1985) ............ 16

*Smith v. Cutter Biological, Inc.*, 911 F.2d 374 (9th Cir. 1990) …………... 20

*Snead v. Metropolitan Prop. & Cas. Ins. Co.*,
237 F.3d 1080 (9th Cir., 2001),
*cert. denied,* 534 U.S. 888, 122 S.Ct. 201 (2001) ................................ 10

*Sphere Drake Insurance PLC v. Fun Charters, Inc.*, 1997 WL 1065503
(D.Haw., June 26, 1997), *aff'd* 165 F.3d 918 (9th Cir., 1998) …………… 10

*Standard Oil v. Hawaiian Ins. & Guarantee Co.*,
2 Haw.App. 451, 634 P.2d 123 (1981),

*aff'd*, 65 Haw. 521, 654 P.2d 1345 (S.Ct., 1982) ................................. 17

**Stein v. State Farm Mut. Auto. Ins. Co.,**
934 F.Supp. 1171 (D.Haw., 1996) ....................................................... 8, 10-13

**Takahashi v. Loomis Armored Car Serv.,**
625 F.2d 314, 316 (9th Cir., 1980) ……………………………………….. 10

**Travelers Cas. & Surety Co. v. Ribi Immunochem Research, Inc.,**
326 Mont. 174, 108 P.3d 469 (2005) ..................................................... 15

**United Nat. Ins. Co. v. SST Fitness Corp.,**
309 F.3d 914, 921 (6th Cir., 2002) ....................................................... 15

**United States of America v. Allstate Insurance Co.**, 69 Haw. 290,
740 P.2d 550 (1987) ………………………………………………… 20

PERIODICALS

Arakawa, **The Honolulu Advertiser**, *"Justice Moves Slowly, Painfully,"*
Monday, 11/24/03 ………………………………………………… 11

## I.   INTRODUCTION

Plaintiff SCOTTSDALE INSURANCE COMPANY ("Scottsdale") submits this memorandum in opposition to Defendant Robert B. Sullivan's Motion to Certify Issue to the Hawaii Supreme Court filed on 1/04/07 ("Motion to Certify") and to Defendant Sullivan Properties, Inc.'s Joinder to said Motion to Certify.[1]   Certification to the Hawaii Supreme Court is not "required" or justified as claimed by the Sullivan Defendants.

First, a federal court is never "required" to certify a given issue to the state supreme court.  To the contrary, the decision as to whether to certify an issue rest soundly within this Court's discretion. *See*, *e.g.*, ***Lehman Bros. v. Schein***, 416 U.S. 386, 389-92, 94 S.Ct. 1741, 1743-45 (1974) ("Its use in a given case rests in the sound discretion of the federal court.").

Second, certification is not required or necessary here because there is a sufficient basis for this Court to make an informed decision on Hawaii law with respect to this reimbursement issue.  As explained below, numerous Hawaii courts have applied the equitable principles of quasi-contract and unjust enrichment to find that a party must refund amounts that it is not entitled to keep.  Those are the principles that courts around the country, including the California Supreme Court, have applied in upholding an insurer's reimbursement right.  Furthermore, in

---

[1] Defendants Robert B. Sullivan and Defendant Sullivan Properties, Inc. will be collectively referred to as "the Sullivan Defendants."

*Sentinel Ins. Co. v. First Insurance*, 76 Haw. 277, 875 P.2d 894 (1994), the

Hawaii Supreme Court applied equitable principles that, if followed to their logical

conclusion, would support an insurer's right to reimbursement.  In particular, the

Hawaii Supreme Court, in *Sentinel*, invoked and relied upon one of the seminal

California Supreme Court cases that also was cited and relied upon by the that

Court when it held that an insurer could be entitled to reimbursement of defense

fees/costs it never owed. *See Sentinel Ins. Co. v. First Insurance, supra.* at 293-

297, 875 P.2d at 910-914 *citing Hogan v. Midland Ins. Co.*, 476 P.2d 825, 91

Cal.Rptr. 153 (1970) ("*Hogan*"); *see also Buss v. Superior Court*, 939 P.2d 766,

776, 65 Cal.Rptr.2d 366, 376 (1997) *citing Hogan*.

       Third, the timing of the Motion to Certify is questioned to the extent,

if the Motion is granted, this matter will be unduly prolonged with the Hawaii

Supreme Court.  The result would run counter to those reasons that might justify

certification in the first place. *See*, *e.g.*, *Lehman Bros. v. Schein*, *supra.* at 391, 94

S.Ct. at 1744.[2]  If the Motion is granted and the issue relating to reimbursement is

certified and submitted to the Hawaii Supreme Court, as a practical matter, there

may not be a response for a year or more, seriously delaying this matter.  The

---

[2] The U.S. Supreme Court pointed to certification as a means of saving time, energy, and resources in the long run.  That suggests that if certification would not save time, energy and/or resources, the federal court, in its discretion, should not certify. *See e.g.*, *Stein v. State Farm Mut. Auto. Ins. Co.*, 934 F.Supp. 1171, 1175, fn. 2 (D.Haw., 1996) (J. Ezra).

Sullivan Defendants also have not cited case law in which the federal court certified an issue to the state appellate court *after* ruling on the issue.[3]

## I.    DISCUSSION AND ARGUMENT

### A.    No Need to Certify the Reimbursement Issue to the Hawaii Supreme Court.

One of the primary duties of the federal judges involved in diversity jurisdiction cases is to determine how the state courts of the jurisdiction in which they sit would rule on a given issue. *See*, *e.g., Pai 'Ohana v. United States*, 875 F.Supp. 680, 700 (D. Haw., 1995) ("where there is sufficient state law to enable this court to make an informed decision on the issues, certification is inappropriate."). Federal courts sitting in diversity apply state substantive law, and in the absence of a decision by the state's highest court, federal courts predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance. *See, e.g.*, *Haskell v. State Farm Mut. Auto. Ins. Co.,* 187 F.Supp.2d

---

[3] This Court's order granting Scottsdale's initial Motion for Partial Summary Judgment and mentioning the reimbursement issue was filed on 2/28/06. In that Order, this Court clearly invited Scottsdale to file a follow-up motion with respect to the reimbursement issue with proper documentation of the attorney's fees and costs incurred to defend the Sullivan Defendants in the underlying action. *See* Order Granting Scottsdale's Cross-Motion and Counter Motion for Summary Judgment Filed on 2/28/06. The Order appeared to be clear in setting forth this Court's opinion/position on whether reimbursement would be permitted. Scottsdale's second Motion, in large part, brings the documentation relating to the amount of fees and costs that would be the subject of reimbursement.

1231, 1236 (D.Haw., 2002) (J. Mollway); ***Progressive Cas. Ins. Co. v. Ferguson***, 134 F.Supp.2d 1159, 1162 (D.Haw., 2001) (J. King), both citing ***Snead v. Metropolitan Prop. & Cas. Ins. Co.*** 237 F.2d 1080, 1090 (9th Cir., 2001), *cert. denied,* 534 U.S. 888, 122 S.Ct. 201 (2001) and ***Arizona Elec. Power Coop., Inc. v. Berkeley***, 59 F.3d 988, 991 (9th Cir., 1995); *see also* ***Burlington Ins. Co. v. Oceanic Design & Const., Inc.***, 383 F.3d 940, 944 (9th Cir., 2004); ***Takahashi v. Loomis Armored Car Serv.***, 625 F.2d 314, 316 (9th Cir., 1980) ("In the absence of controlling forum state law, a federal court sitting in diversity must use its own best judgment in predicting how the state's highest court would decide the case").[4] Stated another way, in the absence of controlling state law, a federal court must use its own best judgment in predicting how the state's highest court would decide the case. ***Stein v. State Farm Mut. Auto. Ins. Co.,*** 934 F.Supp. 1171, 1175 (D.Haw., 1996) (J. Ezra), *citing* ***Moore v. R.G. Indus., Inc.,*** 789 F.2d 1326, 1327 (9th Cir., 1986). Furthermore, if certification does not or would not provide a significant conservation of the litigants' time, money and judicial resources, then it should be denied. ***Pai 'Ohana v. United States, supra.*** at 700; ***Richardson v. City and County of Honolulu,*** 802 F.Supp. 326, 344-346 (D.Haw., 1992).

  As to the latter point, certification in this case would not save on time,

---

[4] This Court cited ***Takahashi*** for the same principle in ***Sphere Drake Insurance PLC v. Fun Charters, Inc.***, 1997 WL 1065503 (D.Haw., June 26, 1997) (J. Gillmor), *aff'd* 165 F.3d 918 (9th Cir., 1998).

money or judicial resources.  This Court's position on the reimbursement issue was pronounced early last year in 2/06.  Certifying the issue to the Hawaii Supreme Court likely will delay the matter for years.[5]  Obviously, certification would compel the parties to expend money to re-brief the issue in the state court. Certification would delay disposition of this case before *this Court*.  Under these circumstances, certification should be denied.

       ***Stein v. State Farm Mut. Auto. Ins. Co.*, *supra.*** involved an interesting situation that is instructive here.  In ***Stein***, the District Judge Ezra rendered his decision despite the fact that a similar legal issue was pending before the Hawaii Supreme Court, and then faced a Rule 60 motion for reconsideration after the Hawaii Supreme Court finally issued its ruling, which was counter to his prior decision.  Specifically, District Judge Ezra dismissed the plaintiffs' claims for breach of good faith and fair dealing and "bad faith," and initially stayed the dismissal in anticipation of the Hawaii Supreme Court's ruling on a certified question as to whether Hawaii recognized such claims.  After waiting for the Hawaii Supreme Court for almost a year, Judge Ezra decided to proceed with the dismissal.  Subsequently, the Hawaii Supreme Court issued its decision (***Best***

---

[5] For example, it was reported in 2003 that the *median* age of all appeals (e.g., criminal, civil, and other matters) pending with the Hawaii Supreme Court was 415 days. *See* Arakawa, **The Honolulu Advertiser**, *"Justice Moves Slowly, Painfully,"* Monday, 11/24/03.  At that time, the backlog of cases was 1,025, and child custody cases had priority. ***Id.*** (case backlog information from the Hawaii Supreme Court).

*Place, Inc. v. Penn America Insurance Co.*, 82 Hawai'i 120, 920 P.2d 334 (1996)), which recognized, for the first time, a cause of action for breach of an implied duty of good faith and fair dealing and an independent tort claim of "bad faith," relating to an insurance contract.  A motion for reconsideration was filed in *Stein* based on the subsequent *Best Place* case, but District Judge Ezra denied the motion, noting in relevant part as follows:

> By the time this court dismissed Plaintiffs' claim, the Hawaii Supreme Court had already had this issue before it for almost two years. Unwilling to delay further, this court concluded it could not estimate when, if ever, the Supreme Court of Hawaii might resolve the issue. Accordingly, this court following its duty to decide all cases pending before it and dismissed Plaintiffs' claim based on existing state law. *See McGeshick v. Choucair, M.D.*, 72 F.3d 62 (7th Cir., 1995), *cert. denied,* 517 U.S. 1212, 116 S.Ct. 1834, 134 L.Ed.2d 937 (1996). (post-judgment relief denied in diversity case where court was cognizant of relevant case pending before state supreme court which ultimately changed that state's law).

*Id.* at 1175, fn. 2.

District Judge Ezra cited the Second Circuit Court's decision in *DeWeerth v. Baldinger*, 38 F.3d 1266 (2d Cir.), *cert. denied*, 513 U.S. 1001, 115 S.Ct. 512 (1994), finding its reasoning "particularly instructive." *Stein v. State Farm Mut. Auto. Ins. Co.*, *supra.* at 1175.  The Second Circuit, regarding the effect of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) on federal courts sitting in diversity, stated that "[w]hen presented with unsettled questions, *Erie* expects that federal courts will attempt to determine the

applicable rules of law. *Id.*, *citing Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 749 (5th Cir., 1995), *cert. denied*, 517 U.S. 1221, 116 S.Ct. 1851 (1996) (*citing DeWeerth*, 38 F.3d at 1273). The Second Circuit further explained as follows:

> The very nature of diversity jurisdiction leaves open the possibility that a state court will subsequently disagree with a federal court's interpretation of state law. However, this aspect of our dual justice system does not mean that all diversity judgments are subject to revision once a state court later addresses the litigated issues. Such a rule would be tantamount to holding that the doctrine of finality does not apply to diversity judgments, a theory that has no basis in *Erie* or its progeny.

*Stein v. State Farm Mut. Auto. Ins. Co.*, *supra.* at 1175 (*citing DeWeerth*, 38 F.3d at 1273-74).

In the case at bar, the absence of Hawaii case law directly on point (on the reimbursement claim) does not require this Court to certify the issue to the Hawaii Supreme Court. As demonstrated in *Stein* and supported by the aforecited federal case law, this Court can rule based on its own best judgment in predicting how the Hawaii Supreme Court would decide the issue.

## B.    There is a Basis in Hawaii Law For Reimbursement.

While there may not be a Hawaii appellate case directly on point concerning the reimbursement issue, the Hawaii Supreme Court has recognized and followed certain legal principles that are cornerstones to a insurer's right to reimbursement of amounts it did not owe as a matter of law. Equitable principles of quasi-contract and unjust enrichment, principles that formed a basis for the

California Supreme Court's rulings on the reimbursement issue, are recognized principles in Hawaii.

### 1.    Hawaii Often Looks to California Law On Insurance Issues.

In *Allstate Ins. Co. v. Kim*, 121 F.Supp.2d 1301, 1307, fn. 3 (D.Haw. 2000), the District Court noted that Hawaii's courts frequently turned to California case law for guidance on insurance coverage issues.[6]  This Court properly looked to the California Supreme Court cases of *Buss. v. Superior Court*, 939 P.2d 766, 65 Cal.Rptr.2d 366 (1997) and *Scottsdale v. MV Transportation*, 115 P.3d 460, 31 Cal.Rptr.3d 147 (2005) for guidance on the reimbursement issue.

In *Buss*, the California Supreme Court held that although an insurer must fully defend an action that involves only some potentially covered claims, it may seek reimbursement of amounts expended on claims that never involved a potential for coverage as a matter of law.  *Id*. at 49-51.  In so holding, the *Buss* Court observed that under the doctrine of quasi-contract, permitting the insured to retain amounts it never bargained for would unjustly enrich the insured.  *Id*. at 51-52.  (The *Buss* case is discussed in more detail in Scottsdale's Reply Memorandum in Support of its Motion for Partial Summary Judgment Regarding Reimbursement (Reply Filed on 01/11/07) at 10-11.)

---

[6] In fact, the holding in *Allstate v. Kim* was referenced in *Executive Risk Indem., Inc. v. Pacific Educational Services, Inc.*, 451 F.Supp.2d 1147, 1159 (D.Haw., 2006), a case cited and relied on by the Sullivan Defendants.

In *MV Transportation*, the California Supreme Court echoed the holding of *Buss*, observing that an insurer defending an action that never involved any potentially covered claims was entitled to full reimbursement of the fees/costs incurred in the insured's defense. In so holding, the *MV Transportation*, Court hearkened back to the *Buss* holding that an insured should not, in equity, be permitted to retain amounts to which it is not entitled. *Id*. at 659 (*citing Buss, supra*, at 35, 47-52.) (The *MV Transportation* case is discussed in more detail in Scottsdale's Reply Memorandum in Support of its Motion for Partial Summary Judgment Regarding Reimbursement (Reply Filed on 01/11/07) at 10-11.)

Significantly, a majority of courts from other jurisdictions that have addressed the reimbursement issue similarly concluded that an insurer who properly reserves its rights is entitled to reimbursement of defense costs it never owed as a matter of law. Those courts, like in *Buss* and *MV Transportation*, looked to equitable principles such as quasi-contract and unjust enrichment. *See*, *e.g.*, *Travelers Cas. & Surety Co., v. Ribi Immunochem Research, Inc.*, 326 Mont. 174, 108 P.3d 469 (2005); *Grinnell Mut. Reinsurance Co. v. Shierk*, 996 F.Supp. 836 (S.D.Ill., 1998); *United Nat. Ins. Co. v. SST Fitness Corp.*, 309 F.3d 914, 921 (6th Cir., 2002); *Colony Insurance Company v. G&E Tires & Service, Inc.*, 777 So.2d 1034, 1039 (Fla.App. 1 Dist., 2000).

### 2. Hawaii Recognizes These Equitable Principles.

The Hawaii courts have recognized the basic principle that, under the doctrine of quasi-contract, a party cannot in equity be permitted to retain amounts to which it is not entitled, since this would result in the party's unjust enrichment. *See*, *e.g.*, **Brown v. Judd**, 17 Haw. 601, *1 (1906) (referencing the "general principle" that one may bring an action in quasi-contract to recover money from another who ought to in equity and good conscience refund it); **Hong v. Kong**, 5 Haw.App. 174, 182, 683 P.2d 833, 840 (1984) (observing that action in quasi-contract lies to prevent one person from being inequitably enriched at another's expense); **Small v. Badenhop**, 67 Haw. 626, 635-636, 701 P.2d 647, 654 (1985) (citing to the Restatement of the Restitution for the general principle that a person who has been unjustly enriched at the expense of another is required to make restitution to the other). These principles of quasi-contract and unjust enrichment are the bases upon which **Buss** and **MV Transportation** are predicated.

Also, the case of **Sentinel Ins. Co. v. First Insurance**, *supra.*, provides a logical, reasonable basis for this Court to conclude that reimbursement is in order here. In **Sentinel**, the Hawaii Supreme Court applied equitable principles that would appear to support an insurer's reimbursement right. **Sentinel** involved a dispute between two liability insurers regarding defense and indemnity obligations concerning a property damage action against their mutual insured. *Id*. at 286. The Hawaii Supreme Court determined that First Insurance breached its

duty to defend the insured. *Id*. at 289-290. Based on that breach, Sentinel asserted that under *Standard Oil v. Hawaiian Ins. & Guarantee Co.*, 2 Haw.App. 451, 634 P.2d 123 (1981), *aff'd*, 65 Haw. 521, 654 P.2d 1345 (S.Ct., 1982), First Insurance not only was obligated to share in the defense fees/costs, but also was obligated to pay for the settlement of the action against the insured. *Id*. at 290-291. The Hawaii Supreme Court disagreed and held that the insurer's breach of the duty to defend did not automatically obligate the insurer to pay the full amount of any settlement or judgment involving the insured. In arriving at its ruling, the Hawaii Supreme Court surveyed cases on point from various other jurisdictions, including California. *Id*. at 293-297.[7] Notably, one of the cases that the Court reviewed and ultimately relied upon was *Hogan v. Midland Ins. Co.*, *supra.*, a case relied upon by the *Buss* court.[8]    The Hawaii Supreme Court noted that, in *Hogan*, the California Supreme Court rejected the notion that an insurer ho breaches its duty to defend is precluded from later arguing that it had no duty to indemnify. *Hogan v. Midland, supra.*

Citing equitable principles, the Hawaii Supreme Court in *Sentinel*

---

[7] The fact that the *Sentinel* Court invoked *Hogan*, infra, and other California cases underscores the fact that the Hawaii courts deem California coverage law very instructive. See also *Allstate Ins. Co. v. Kim, supra*, at 1307, fn. 3.

[8] In *Buss*, the Court observed that in *Hogan*, the court "assumed" that an insurer who defended an action involving non-covered claims under a reservation of rights could later seek reimbursement of amounts expended on the defense of non-covered claims. *Buss, supra*. 16 Cal.4th 35, 50.

held that there should not be a conclusive presumption that an insurer who breaches its duty to defend owes a duty to indemnify. *Id*. at 296-297. Rather, it held that an insurer breaching its duty to defend still had an opportunity to prove that it did not have a duty to indemnify all or part of a settlement or judgment involving its insured. *Id*.

To the extent *Hogan* served as a common basis for *Buss* and *Sentinel*, a logical extension of *Sentinel* is the *Buss*-type reimbursement rule that an insurer properly reserving its rights may seek reimbursement of defense fees and costs being amounts that it never owed if it did not have a duty to defend the insured. The Hawaii Supreme Court in *Sentinel* refused to effectively default or punish an insurer that breached its duty to defend by automatically obligating the insurer to pay the full amount of any settlement or judgment involving the insured. If, as in the case at bar, the insurer *did not* breach its duty to defend, and in fact, had no duty to defend and yet, defended the insured under a reservation of rights (including the right to seek reimbursement), it is not a stretch to conclude that the Hawaii court would accept the *Buss* reimbursement ruling. If the Hawaii Supreme Court was unwilling to effectuate a penalty upon an insurer that breached the duty to defend, it is not difficult to conclude that it would be willing to permit reimbursement when there is no duty to defend and there has been a defense afforded to the insured under a reservation of rights. Equitable considerations also

compel this conclusion.

### C. *Executive Risk* Involved Much Different Circumstances.

The *Executive Risk* case relied upon by the Sullivan Defendants is distinguishable with respect to certification of the reimbursement issue. Significantly, the insureds in *Executive Risk* defaulted and never appeared in the case. *Executive Risk Indemn., Inc. v. Pacific Educational Services, Inc., supra*, at 1154. Thus, there was no opposing argument or briefing on reimbursement sought by the insurer. *Id*. at 1163. District Judge Mollway noted that it was likely that the insureds defaulted because they did not have sufficient assets to satisfy any judgment, and as such, the insurer's reimbursement request likely was a "throw-away" argument, which may have explained the insurer's "almost cavalier" request for it. *Id*. District Judge Mollway also noted that the insurer failed to point to any Hawaii principles supporting an insurer's right to reimbursement of defense costs that it never owed (such as the authorities Scottsdale has cited). *Id.* Given those factors, it is no wonder that District Judge Mollway declined to grant reimbursement. Significantly, she did not rule that an insurer, generally speaking, was not entitled to reimbursement in the appropriate circumstances.

The circumstances regarding Scottsdale's reimbursement claim are very different than those presented in *Executive Risk*. Scottsdale claimed reimbursement in its Complaint; the Sullivan Defendants were active participants

and now have argued and briefed the reimbursement issue; and Scottsdale has referred/cited to Hawaii case law and presented arguments to show that there is a basis in Hawaii law from which reimbursement can be ordered.

Likewise, the other cases cited by the Sullivan Defendants to argue that certification is appropriate are inapposite.  Those cases dealt with the interpretation of state statutes, rather than with the application of the common law and equitable principles, as here. *See*, *e.g.*, ***Smith v. Cutter Biological, Inc.***, 911 F.2d 374 (9th Cir. 1990) (certifying questions concerning application of Hawaii's Blood Shield Law); ***United States of America v. Allstate Insurance Co.***, 69 Haw. 290, 740 P.2d 550 (1987) (addressing whether Hawaii no-fault laws allowed the recovery of medical care paid by the federal government).  Moreover, the federal courts have recognized that the interpretation of a state statutes is the province of the state courts. ***Allstate v. Alamo Rent-a-Car***, 137 F.3d 634, 637 (1998).  In contrast, with respect to issues involving common law and equitable principles, the federal courts will attempt to predict how the state courts would rule based on the existing law in that state. *See*, e.g., ***Arizona Elec. Power Coop., Inc. v. Berkeley***, 59 F.3d 988, 991 (9th Cir., 1995).

## II.   CONCLUSION

Based on the foregoing, Scottsdale respectfully requests this Court to deny the Motion to Certify.

DATED:  Honolulu, Hawaii, January 16, 2007.


/s/ Jeffrey H. K. Sia
SIDNEY K. AYABE
JEFFREY H. K. SIA
ALAN B. YUTER
RACHEL E. HOBBS
Attorneys for Plaintiff
 SCOTTSDALE INSURANCE COMPANY