Of Counsel:
RICHARDS & LUKE

MICHELE-LYNN E. LUKE    5332-0
2700 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii   96813
Telephone:   (808) 536-0802
Facsimile:   (808) 536-5117
e-mail: michele@richardsandluke.com

Attorney for Defendant
ROBERT B. SULLIVAN

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) ) ) | CIVIL NO. CV04-00550 HG BMK (Declaratory Relief) |
| Plaintiff, vs. | ) ) ) ) | **DEFENDANT ROBERT B. SULLIVAN'S REPLY MEMORANDUM IN SUPPORT** |
| SULLIVAN PROPERTIES, INC.; ROBERT B. SULLIVAN; MAUI LAND & PINEAPPLE COMPANY, INC.; AND KAPALUA LAND COMPANY, LTD. | ) ) ) ) ) ) | **OF MOTION TO CERTIFY ISSUE TO THE HAWAI`I SUPREME COURT, FILED JANUARY 4, 2007; CERTIFICATE OF SERVICE** |
| Defendants. | ) ) ) ) ) ) ) | **DATE:      January 22, 2007 TIME:       9:30 a.m. JUDGE:    Hon. Helen Gillmor**  **NO TRIAL DATE SET** |

**DEFENDANT ROBERT B. SULLIVAN'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO CERTIFY ISSUE TO THE HAWAI`I SUPREME COURT, FILED JANUARY 4, 2007**

Defendant ROBERT B. SULLIVAN, (hereinafter "Defendant SULLIVAN") by and through his attorneys, RICHARDS & LUKE, and pursuant to Rule 7, <u>Federal Rules of Civil Procedure</u> and Rule 13, <u>Hawaii Rule of Appellate Procedure</u>, hereby submits this reply to Plaintiff SCOTTSDALE INSURANCE COMPANY's (hereinafter "SCOTTSDALE") Memorandum opposing the Motion to Certify Issue To The Hawai`i Supreme Court, which opposition was filed on January 17, 2007.

## I.    <u>INTRODUCTION</u>

It is undisputed that the issue sought to be certified has not been addressed, even remotely, by Hawai`i regulatory, statutory or common law.   The criteria for determining whether to certify an issue to the Hawai`i Supreme Court is unambiguous.  Where there is a question of State law which is dispositive of the issue before the federal court and for which there is no clear, controlling precedence, certification is warranted.  The issue presented here is not only unclear in Hawai`i law, it is completely non-existent.  SCOTTSDALE is inviting this Court, to the detriment of Defendant SULLIVAN, to completely guess at how Hawai`i courts would resolve this issue.  This Court should not do so.

2

## II.    PROCEDURAL HISTORY OF CASE

SCOTTSDALE, citing this Court's order of February 28, 2006, suggests that this Court has already "ruled" that SCOTTSDALE is entitled to recover attorneys' fees paid in the underlying action.  <u>See</u>: Memo. in Opp. at p. 9. Since SCOTTSDALE's claim for reimbursement was not before the Court as part of SCOTTSDALE's Motion for Partial Summary Judgment, the Court's comments concerning the ability of SCOTTSDALE to pursue recovery of attorneys' fees was gratuitous, at best.  Certainly, since the matter was not before the Court at the time of the February ruling, and since Defendants had not been given any opportunity to address the issue, this Court's comments cannot be construed as a ruling on the issue.

## III.    TIMING OF MOTION

SCOTTSDALE also questions the timing of Defendant SULLIVAN's Motion to Certify, while failing to mention that Defendants approached SCOTTSDALE, verbally and in writing, shortly after the February ruling, in an attempt to globally resolve the case.  Those communications addressed SCOTTDALE's remaining reimbursement claim and included the fact that Hawai`i courts did not recognize the ability of an insurer to recover attorneys' fees paid in an underlying action and that no Hawaii court had ever allowed such an award.

3

SCOTTSDALE, even after further inquiry by Defendant SULLIVAN's counsel, never responded to these settlement efforts, other than an indication from its counsel that the matter was still being considered. Under these circumstances, it would have been premature to request certification of this issue to the Hawai`i Supreme Court.

Further, SCOTTSDALE waited ten (10) months before bringing its Motion for Partial Summary Judgment re: Reimbursement Claim. Defendants were not responsible, in any way, for this delay. Defendant SULLIVAN promptly opposed the Motion and, at the same time, filed this Motion to Certify. Before submitting its filings, Defendants renewed their efforts to obtain a global settlement with SCOTTDALE. Those efforts failed.

Defendant SULLIVAN's Motion to Certify was timely and appropriate.

## IV.    <u>CERTIFICATION IS APPROPRIATE IN THIS CASE</u>

SCOTTSDALE has asserted that certification is not needed in this case, based upon federal cases in which the court has relied upon its best judgment to predict what Hawai`i's Supreme Court would ultimately rule. In support of this position, however, SCOTTSDALE has relied upon cases for which interpretation of one or more Hawai`i statute is at issue. In these cases, the federal courts have

4

relied upon Hawai`i law addressing the statute, albeit in a different context, and have also relied upon the law of other jurisdiction, to the extent that those other jurisdictions have analogous statutes.  See: Haskell v. State Farm Mut. Auto. Ins. Co., 187 F.Supp.2d 1241 (D.Hawai`i 2002)[1] (concerning an interpretation of Hawai`i's UIM law); Progressive Cas. Ins. Co. v. Ferguson, 134 F.Supp.2d 1159 (D. Hawai`i 2001)(interpreting a term within Hawai`i's UIM law); and  Takahashi v. Loomis Armored Car Service, 625 F.2d 314, 316 (9th Cir. 1980)(addressing Hawai`i's worker's compensation statute).  The only case cited by SCOTTSDALE, in which a statute was not involved, is Stein v. State Farm Mut. Auto. Ins. Co., 934 F.Supp. 1171 (D. Hawai`i 1996), which concerned the issue of whether Hawai`i recognized as torts the breach of good faith and fair dealing and the express or implied covenant of good faith and fair dealing with respect to an insurance company's conduct.

In Stein, Judge Ezra appropriately certified the issue to the Hawai`i Supreme Court.  Judge Ezra's decision two years later to dismiss the case was based upon the fact that existing Hawai`i law up to that point had not recognized these torts, coupled with his perceived obligation to resolve the pending federal

---

[1]  Incorrectly cited by SCOTTSDALE as 187 F.Supp.2d. 1231.

action.[2]  In the case before Your Honor, the issue is less clear than in <u>Stein</u>.  Here,

Hawai`i has never come close to addressing an insurer's ability to recover defense

costs paid in an underlying action.  This, despite hundreds of insurance coverage

cases have been adjudicated over the years by the State courts.  Unlike the

situation in <u>Stein</u>, this Court cannot definitively state that Hawai`i law allows such

a recovery.

Moreover, SCOTTSDALE's position that certification of the issue

will cause excessive delay in resolving this case is unsupported.  To the contrary,

the failure to certify may extend litigation of this case.

## V.     <u>QUASI-CONTRACT THEORIES</u>

SCOTTSDALE's reliance upon principles of quasi-contract principles

and its reliance upon California law, does little more than to emphasize the need

for certification of the issue.   Moreover, SCOTTSDALE has never asserted

equitable claims.  <u>See</u>: Complaint, filed September 9, 2004.

At the outset, SCOTTSDALE completely ignores the fact that

Hawai`i's insurance laws make absolutely no reference to duties or obligations

---

[2]  Judge Ezra's decision denying a Rule 60 motion, after the Hawai`i Supreme
Court recognized the tort of bad faith, was properly based upon the Court
recognizing that his earlier ruling was based upon existing law at the time and that
orders must have a degree of finality.

6

which can be created on behalf of an insurer by quasi-contract. To the contrary, Hawai`i law has consistently held that an insurer's rights are limited to those which are clearly and unambiguously set forth in the insuring contract (policy). <u>See</u>: H.R.S. 431:10-237.

Second, none of the Hawai`i cases, except for the <u>Sentinel</u> case, relied upon by SCOTTSDALE in furtherance of its equity argument, concern insurance matters. In fact, these do little more than to recognize that, as a general proposition, Hawai`i recognizes the application of equitable principles.

With respect to <u>Sentinel Ins. Co. v. First Insurance Co. of Hawaii, Ltd.</u>, 76 Hawai`i 277, 875 P.2d 894 (1994),[3] the Hawai`i Supreme Court essentially addressed a dispute between two insurance companies which insured the same party at different periods, concerning what the court ultimately concluded to be continuous property damage over all relevant policy periods. There were no issues directly involving the insured. Having concluded that both insurance companies were required to indemnify the insured for property damage, the court then turned to the issue of damages. Since there was no contract as between the two carriers governing the dispute, the court properly turned to

_____

[3] Counsel undersigned was directly involved in this case on behalf of First Insurance Company of Hawaii, Ltd.

equitable principles, weighing several factors, in assessing the rights and obligations of the parties.    In <u>Sentinel</u>, the court overturned its decision in <u>Standard Oil v. Hawaiian Ins. & Guarantee Co</u>. to the extent that case stood for the proposition that an insurer's breach of its duty to defend resulted in an irrebuttable presumption of its duty to indemnify.  Rather, the <u>Sentinel</u> court held, applying equitable principles, that an insurer which had improperly refused to defend could still contest any duty to indemnify.  The facts of the case before Your Honor are far removed from those of <u>Sentinel</u>.

## VI.    <u>THERE IS NO UNDUE PREJUDICE TO SCOTTSDALE</u>

In addition to the foregoing, there is clearly no undue prejudice to SCOTTSDALE in having the matter addressed by the Hawai`i Supreme Court. SCOTTSDALE has already voluntarily delayed resolution of this issue for more than ten (10) months.  In addition, despite SCOTTSDALE's representations, answer to the certified question by the Hawai`i Supreme Court will not require extensive briefing and, consequently, may not require a lengthy period of review.

/

/

/

/

## VII.  **CONCLUSION**

Based upon the foregoing, Defendant SULLIVAN respectfully

requests and urges this Honorable Court to certify the requested issue to the

Hawai`i Supreme Court.

DATED: Honolulu, Hawaii, January 18, 2007.


    /s/ Michele-Lynn E. Luke
MICHELE-LYNN E. LUKE
Attorney for Defendant
ROBERT B. SULLIVAN

## CERTIFICATE OF SERVICE

I hereby certify that, on January 18, 2007, and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

## SERVED ELECTRONICALLY THROUGH CM/ECF:

SIDNEY K. AYABE, ESQ.                    sidney.ayabe@hawadvocate.com
JEFFREY H.K. SIA, ESQ.                   jeffrey.sia@hawadvocate.com
1001 Bishop Street
2500 Pauahi Tower
Honolulu, Hawaii 96813
    Attorneys for Plaintiff

ROY J. TJIOE, ESQ.                       rtjioe@goodsill.com
EMILY REBER PORTER, ESQ.                 eporter@goodsill.com
Goodsill Anderson Quinn & Stifel
1099 Alakea Street, Suite 1800
Honolulu, Hawaii 96813
    Attorneys for Defendant
    SULLIVAN PROPERTIES, INC.

COLIN O. MIWA, ESQ.                      cmiwa@cades.com
Cades Schutte
1000 Bishop Street, Suite 1200
Honolulu, Hawaii 96813
    Attorneys for Defendants
    MAUI LAND & PINEAPPLE
    COMPANY, INC. and KAPALUA LAND COMPANY, LTD.

DATED: Honolulu, Hawaii, January 18, 2007.

      /s/ Michele-Lynn E. Luke
    MICHELE-LYNN E. LUKE
    Attorney for Defendant
    ROBERT B. SULLIVAN