IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) ) ) ) | CIVIL NO. 04-00550 HG-BMK |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| SULLIVAN PROPERTIES, INC.; ROBERT B. SULLIVAN; MAUI LAND & PINEAPPLE COMPANY, INC.; AND KAPALUA LAND COMPANY, LTD., | ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

**ORDER GRANTING PLAINTIFF SCOTTSDALE INSURANCE COMPANY'S MOTION
FOR PARTIAL SUMMARY JUDGMENT RE: REIMBURSEMENT CLAIM
AND
DENYING DEFENDANTS' MOTION TO CERTIFY ISSUE TO THE HAWAII SUPREME
COURT**

Plaintiff Scottsdale Insurance Co. ("Scottsdale") filed a complaint seeking a declaration that it had no duty to defend or indemnify Defendants Sullivan Properties, Inc. ("Sullivan Properties") and Robert B. Sullivan ("Sullivan") (collectively, "Defendants") in connection with claims made against Defendants regarding their alleged infringement of the "Kapalua" trade name and trademark.

In an Order dated February 27, 2006 the Court granted

1

Plaintiff Scottsdale Insurance Company's motion for partial summary judgment and held that the insurance policies' first-publication exclusion, and the common law "known loss" rule, applied to bar coverage such that Scottsdale did not have a duty to defend Defendants in the underlying action.  The Court noted that Scottsdale had not yet moved for summary judgment on its reimbursement claim.

    Scottsdale now moves for summary judgment on its reimbursement claim, seeking reimbursement of costs and expenses incurred by it in defending Defendants in the underlying action. Defendants oppose Scottsdale's motion on the grounds that Hawaii law is unclear as to whether an insurer is allowed to seek reimbursement of defense costs and expenses from the insured once a court determines there is no duty to defend.  Defendants contend that Hawaii courts would not allow reimbursement. Defendants separately move to certify the reimbursement issue to the Hawaii Supreme Court.

    For the reasons set forth below, the Court GRANTS Scottsdale's motion for partial summary judgment on its reimbursement claim and DENIES Defendants' motion to certify the issue to the Hawaii Supreme Court.  The Court finds that Scottsdale is entitled to reimbursement of defense costs from Defendant Sullivan Properties in the amount of $119,950.01 and in the amount of $27,869.73 from Defendant Robert B. Sullivan.

**PROCEDURAL HISTORY**

On September 9, 2004, Plaintiff Scottsdale Insurance Co. ("Plaintiff" or "Scottsdale") filed a four-count Complaint for declaratory relief.

Scottsdale moved for partial summary judgment as to Counts I, II, and III, seeking a declaration as to its duty to defend and/or indemnify Defendants.  Scottsdale did not move for summary judgment as to its cause of action for reimbursement of defense costs (Count IV).  Defendants Maui Land & Pineapple Company, Inc. ("Maui Land") and Kapalua Land Company, Ltd., ("Kapalua Land Company") filed a statement of no position as to Scottsdale's motion for partial summary judgment.

Defendants Sullivan Properties, Inc. ("Sullivan Properties") and Robert B. Sullivan ("Sullivan") (collectively, "Defendants") cross-moved and counter-moved, respectively, for summary judgment on all counts of the Complaint.

On February 27, 2006 the Court issued an "Order Granting Plaintiff Scottsdale Insurance Company's Motion for Partial Summary Judgment; and Denying Defendant Sullivan Properties, Inc.'s Cross-Motion for Summary Judgment; and Denying Defendant Robert B. Sullivan's Counter-Motion for Summary Judgment" ("Order").  In its February 27, 2006 Order, the Court held that Scottsdale did not have a duty to defend Defendants in the underlying action.

On December 1, 2006, Scottsdale moved for partial summary judgment on its reimbursement claim (Count IV) and submitted a separate concise statement of facts in support.  (Doc. 72, 73.)

On December 18, 2006, Defendants Kapalua Land Company, Ltd. and Maui Land & Pineapple Co. filed a statement of no response. (Doc. 75.)

On January 4, 2007, Defendant Sullivan filed an opposition to Scottsdale's motion for partial summary judgment on its reimbursement claim (Doc. 77) in which Defendant Sullivan Properties joined.  (Doc. 79.)

On January 11, 2007, Scottsdale filed a reply in support of its motion for partial summary judgment.  (Doc. 83.)

On January 4, 2007, Defendant Sullivan filed a motion to certify issue to the Hawaii Supreme Court (Doc. 78) in which Defendant Sullivan Properties joined (Doc. 82.)

On January 17, 2007, Scottsdale filed a memorandum in opposition to Defendants' motion to certify issue to Hawaii Supreme Court. (Doc. 84.)

On January 18, 2007, Defendant Sullivan filed a reply to Scottsdale's memorandum in opposition to Defendants motion to certify issue to Hawaii Supreme Court (Doc. 85), in which Defendant Sullivan Properties joined.  (Doc. 86.)

## **STANDARD OF REVIEW**

Summary judgment is appropriate when there is no genuine

issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  There must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party.  Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1996).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial.  The moving party need not produce any evidence at all on matters for which it does not have the burden of proof.  Celotex, 477 U.S. at 325.  The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law.  That burden is met simply by pointing out to the district court that there is an absence of evidence to support the nonmovant's case.  Id.

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282

(9th Cir. 1979).  The opposing party must present admissible evidence showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Nidds, 113 F.3d at 916 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

The court views the facts in the light most favorable to the non-moving party.  State Farm Fire & Casualty Co. v. Martin, 872 F.2d 319, 320 (9th Cir. 1989).

Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed.  Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324.  The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial.  Fed. R. Civ. P. 56(e); T.W. Elec. Serv., 809 F.2d at 630. The opposing party cannot rest on mere allegations or denials. Fed. R. Civ. P. 56(e); Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 959-60 (9th Cir. 1994).  Nor can the opposing party rest on conclusory statements.  National Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997).

## **BACKGROUND**

The background facts are set forth in detail in the Court's February 27, 2006 Order and are incorporated herein by reference.

**ANALYSIS**

I.  **Plaintiff Scottsdale Insurance Company's Motion for Partial Summary Judgment Re: Reimbursement Claim**

The federal district court sitting in diversity applies state substantive law and, in the absence of a directly on point decision by the state's highest court, federal courts, where appropriate, may construe how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance.  See Haskell v. State Farm Mut. Auto. Ins. Co., 187 F.Supp. 2d 1231, 1236 (D. Haw. 2002); Stein v. State Farm Mut. Auto Ins. Co., 934 F. Supp. 1171, 1175 (D. Haw. 1996).

The issue before the Court is whether Scottsdale's clear reservation of rights allows it to seek reimbursement of defense costs in light of the Court's determination that it had no duty to defend because no possibility of coverage existed.  A review of Hawaii law shows that Hawaii courts would recognize the right of insurers to recoup defense costs when defending under a reservation of rights letter which expressly reserves the insurers right to reimbursement.

While there is no Hawaii law addressing the precise issue before the Court, the concepts applied by courts in allowing insurers to recoup defense costs are well-established in Hawaii

law.  Central to the idea that an insurer may seek reimbursement of defense costs is the concept that an insurer does not have a duty to defend the insured as to claims that are not even potentially covered.  Hawaii courts adhere to the widely recognized principal that insurance policies are subject to the general rules of contract construction.  See Enoka v. AIG Hawaii Ins. Co., Inc., 128 P.3d 850, 860 (Haw. 2006)("Ordinarily, insurers have the same rights as individuals to limit their liability and to impose whatever conditions they please on their obligation, provided they are not in contravention of statutory inhibitions or public policy. As such, insurance policies are subject to the general rules of contract construction"); Dairy Road Partners v. Island Ins. Co. Ltd., 992 P.2d 93, 107 (Haw. 2000).  Under Hawaii law, where there is no possibility of coverage, an insurer has no contractual duty to defend.  See e.g., Dairy Road Partners, 992 P.2d at 107-08 (duty to defend based on possibility that coverage exists).  Put another way, the insurer's only contractual duty is to defend claims possibly covered under the insurance policy.  An insurer does not have a contractual duty to defend claims that are not possibly covered.  Because there is no contractual duty to defend claims that are not possibly covered, the right to seek reimbursement is implied by the terms of the insurance policy.  See Blue Ridge Ins. Co. v. Brigitte Jacobsen, 25 Cal.4th 489, 503 (Cal. 2001) (reimbursement right is implied by insurance policy terms); cf. Application of

Sing Chong Co., Ltd. v. Yamashiro, 617 P.2d 578, 581 (Haw. Ct. App. 1980)("In the situation where the agreement does not specify or fully express all of the non-essential terms, the usual terms will be implied in law.").

Courts awarding reimbursement also look to the fact that an insurer may unilaterally reserve its right to seek reimbursement of defense costs in its reservation of rights letter. See Scottsdale Ins. Co. v. MV Transp., 115 P.3d 460, 467 (Cal. 2005); Blue Ridge Ins. Co., 25 Cal.4th at 498 ("[a]n insurer can reserve its right to assert noncoverage unilaterally merely by giving notice to the insured."; "[b]y accepting the insurer's defense under these circumstances, the insured is deemed to have accepted this condition.").

"Such an announcement by the insurer permits the insured to decide whether to accept the insurer's terms for providing a defense, or instead to assume and control its own defense." Scottsdale Ins. Co., 115 P.3d at 467.

Hawaii courts recognize that an insurer may tender a defense pursuant to a reservation of rights.[1]  Under a reservation of

---

[1] First Ins. Co. of Hawaii, Inc. v. State of Hawaii, 665 P.2d 648, 654 (Haw. 1983), in which the Hawaii Supreme Court recognized the general principal that a reservation of rights letter "does not relieve the insurer of the costs incurred in defending its insured where the insurer was obligated in the first instance to provide a defense", is inopposite. Reimbursement is available when expressly reserved pursuant to a reservation of rights in cases where the insurer never had a duty to defend under the terms of the insurance policy in the first instance.

rights, an insurer can agree to front the defense costs while reserving its defenses and its right to seek a determination of whether the policy covers the insured's claim. See Crawford v. Ranger Ins. Co., 653 F.2d 1248, 1252 (9th Cir. 1981) ("A reservation of rights agreement is a notice by the insurer to the insured that the insurer will defend the insured but that the insurer is not waiving any defenses . . . ") (applying Hawaii law). In this case, Scottsdale expressly reserved the right to seek reimbursement of defense costs in its reservation of rights letter.

Hawaii also recognizes that the insured need not expressly consent to the insurer's reservation of rights for it to be effective. See Walbrook Ins. Co. Ltd. v. Goshgarian & Goshgarian, et al., 726 F.Supp. 777, 783 (C.D. Cal. 1989) (citing Crawford, 653 F.2d 1295) ("under Hawaiian law an insurer did not waive its right to disclaim coverage when it provided a defense without first securing an insured's consent to a reservation of rights letter").

Significantly, Hawaii law recognizes that the doctrine of unjust enrichment applies where, as here, a plaintiff proves that she "conferred a benefit upon the opposing party and that the retention of that benefit could be unjust." See Durette v. Aloha Plastic Recycling, Inc., 100 P.3d 60, 75 (Haw. 2004) (citation and quotations omitted). Hawaii courts have long recognized that the general doctrine of quasi-contract applies to prevent unjust

enrichment.  See, e.g., Small v. Badenhop, 701 P.2d 647, 654 (Haw. 1985) ("it is axiomatic that "[a] person who has been unjustly enriched at the expense of another is required to make restitution to the other."); Hong v. Kong, 683 P. 2d 833, 840 (1984) (action in quasi-contract lies to prevent one person from being inequitably enriched at another's expense).  An insured is unjustly enriched by an insurer's payment of defense costs when the insurer never had a duty to defend in the first instance.

The Hawaii Supreme Court's decision in Sentinel Ins. Co. Ltd. suggests that Hawaii courts would apply equitable principles to afford insurers a reimbursement right.  In the Sentinel Ins. Co., Ltd. case, the Hawaii Supreme Court considered whether an insurer who had breached its duty to defend could still argue that it had no duty to indemnify the insured.  After surveying case law from several jurisdictions, the Hawaii Supreme Court relied on equitable principles to support its holding that there is no conclusive presumption that an insurer who breaches its duty to defend owes a duty to indemnify.  The Sentinel Ins. Co, Ltd. case rejected the notion that the insurer should be punished "merely because it was wrong in concluding there was no 'possibility' of coverage."  Sentinel Ins. Co., Ltd., 875 P.2d at 914.  Instead, the court adopted a three-part test to determine when an insured is entitled to indemnity after an insurer has breached its duty to defend.  Id. at 914.  In doing so, the court noted that "fairness to both parties requires that the equities

be balanced in each case." Id. at 913.

The Sentinel Ins. Co., Ltd. court's reliance on equitable principles, and unwillingness to penalize an insurer who breached its duty to defend, is consistent with the Hawaii Supreme Court recognizing a reimbursement right for insurers. Reimbursement cases present even more compelling reasons to balance the equities. Unlike in Sentinel Ins. Co., Ltd., in reimbursement cases, the insurer has not breached its duty to defend; rather, it never had one. Equitable principles weigh in favor of permitting an insurer to recoup defense costs it was never obligated to pay when the insured is clearly notified of the insurer's intention to do so and nevertheless accepts the defense.

California law on this issue is well-established. Hawaii courts frequently follow California case law on insurance coverage issues. See Allstate Ins. Co. v. Kim, 121 F. Supp. 2d 1301, 1307 n. 3 (D. Haw. 2000) (collecting cases); Sentinel Ins. Co. v. First Ins., 875 P.2d 894, 910 (1994) (relying on California case law regarding insurer's ability to assert the defense of non-coverage after breaching its duty to defend).

California courts have long recognized an insurers' right to reimbursement. Most recently, the California Supreme Court, in Buss v. Superior Court of Los Angeles, 939 P.2d 766, 776-78 (Cal. 1997) and later in Scottsdale Ins. Co. v. MV Transportation, 115 P.3d 460 (Cal. 2005), recognized that an insurer who properly

12

reserves its rights is entitled to reimbursement of defense costs it never owed as a matter of law. See Buss, 939 P.2d at 776 ("'California law clearly allows insurers to be reimbursed for attorney's fees' and other expenses 'paid in defending insureds against claims for which there was no obligation to defend'" (quoting Omaha Indem. Ins. Co. v. Cardon Oil Co., 687 F.Supp. 502, 504 (N.D. Cal. 1988)); Walbrook Ins. Co., Ltd., 726 F.Supp. at 783-84 (applying California law to conclude reservation of rights to recover defense costs effective even when an insured objects to the reservation but accepts the defense); Blue Ridge Ins. Co., 25 Cal.4th 489 (insurer defending pursuant to reservation of rights can seek reimbursement for settlement of what are later determined to be noncovered claims if it satisfies certain requirements, even if insured withholds consent to settlement).

In Buss, the California Supreme Court explained, in detail, the rationale in support of an insurer's right of reimbursement that is implied in law as quasi-contractual. Buss, 939 P.2d at 776-77; see Blue Ridge Ins. Co., 25 Cal.4th at 504 (recognizing insurer's implied in law right of reimbursement to avoid the insured's unjust enrichment).[2]

---

[2] The Buss court did not reach the issue of whether an insurer may have a right to reimbursement that is implied in fact under the insurance policy, but left open the possibility that a claim based on an implied in fact theory may exist. Buss, 939 P.2d at 777 n. 13 ("By stating that the insurer has a right of reimbursement that is implied in law, *whether or not it has one*

The <u>Buss</u> court explained that the genesis of the insurer's right to reimbursement is the fact that the insurer has not bargained to pay for defense costs where there was never any possibility of coverage and the insured has not paid the insurer premiums for the risk. See <u>Buss</u>, 939 P.2d at 776. Under the law of restitution, the insured has been "enriched" through the insurer's bearing of unbargained-for defense costs, an enrichment that must be deemed unjust. <u>Id.</u> at 777 ("The 'enrichment' of the insured by the insurer through the insurer's bearing of unbargained-for defense costs is inconsistent with the insurer's freedom under the policy and therefore must be deemed 'unjust'"). The insured does not have an "objectively reasonable expectation that it was entitled to what would in fact be a windfall." <u>Id</u>.

Several other courts, in addition to California, have also recognized an insurer's right to seek reimbursement pursuant to an adequate reservation of rights under either an implied in law or implied in fact contract theory. See <u>United Nat'l Ins. Co. v. SST Fitness Corp.</u>, 309 F.3d 914 (6th Cir. 2002) (applying Ohio law) (allowing insurer to recoup defense costs under an implied in fact contract theory); <u>Rescure, Inc. v. Chemical Distributors, Inc.</u>, 927 F.Supp. 190, 194 (M.D. La. 1996) (applying New Mexico law) (insurer was entitled to reimbursement of all costs of

---

*that is implied in fact in the policy*, we should not be taken to imply that the unresolved issue set out in the italicized clause should indeed be resolved in the negative.") (emphasis original).

14

defense where it timely reserved the right to seek reimbursement and insured did not object to the reservation); Knapp v. Commonwealth Land Title Ins. Co., 932 F.Supp. 1169, 1172 (D. Minn. 1996) (applying Minnesota law) (where insurer reserved its right to seek reimbursement of its attorney's fees and costs, insured's silence in response to the reservation of rights letter and subsequent acceptance of defense constituted implied agreement to the reservation of rights); First Federal Savings and Loan v. Transamerica Title, 793 F.Supp. 265 (D. Colo. 1992) (recognizing that insurance company may reserve its right to deny its duty to defend and later recover for any attorneys' fees paid); Travelers Cas. and Sur. Co. v. Ribi Immunochem Research, Inc., 108 P.3d 469, 480 (Mont. 2005) (insurer could recoup defense costs where it expressly reserved its right to do so in reservation of rights letter in the event the court determined that it had no duty to provide such costs and the insured accepted the defense); Colony Ins. Co. v. G & E Tires & Service, Inc., 777 So.2d 1034, 1039 (Fla. App. 1 Dist. 2000) (where insurer timely and expressly reserved right to seek reimbursement of defense costs for clearly uncovered claims and insured accepted insurer's offer of a defense, "[insured] ought in fairness make [insurer] whole, now that it has been judicially determined that no duty to defend ever existed.").

As discussed above, the concepts applied in Buss, and in other court decisions allowing insurers to recoup defense costs,

15

are well-established in Hawaii law.

Finally, public policy militates in favor of recognizing a right to reimbursement. As stated by the court in <u>Buss</u>:

> Without a right to reimbursement, an insurer might be tempted to refuse to defend an action in any part - especially an action with many claims that are not even potentially covered and only a few that are - lest the insurer give, and the insured get, more than they agreed. With such a right, the insurer would not be so tempted, knowing that, if defense of the claims are not even potentially covered should necessitate any additional costs, it would be able to seek reimbursement.

<u>Buss</u>, 939 P. 2d at 778.

The insured is no worse off than if it had itself retained the lawyer whom the insurer agreed should handle its defense. Moreover, encouraging insurers to defend and settle cases for which insurance coverage is uncertain "transfers from the injured party to the insurer the risk that the insured may not be financially able to pay the insured party's damages." <u>Blue Ridge Ins. Co.</u>, 25 Cal. 4th at 503.

Allowing an insurer to seek reimbursement also makes good policy sense from the perspective of other policyholders. The premium payments of other policyholders subsidize the defense of non-covered claims. In theory, the insurer's savings from reimbursement of defense costs where the insurer never had a duty to defend under the insurance policy will translate into lower premiums for all policyholders.

It is consistent with Hawaii Supreme Court law that

16

reimbursement of defense costs be allowed where the insurer expressly reserved the right to recoup such costs in its reservation of rights and the insured accepted the defense.  In this case, the Defendants received a full and complete defense paid for by Scottsdale and Scottsdale expressly reserved its right to seek reimbursement of those defense costs.  The Court holds that Scottsdale is entitled to reimbursement of costs and expenses incurred in defending Defendants in the underlying action.

For the foregoing reasons, Plaintiff Scottsdale Insurance Company's Motion for Partial Summary Judgment Re: Reimbursement Claim is **GRANTED**.

With regard to the amount, Scottsdale has submitted evidence that it has expended a total of $147,819.74 in defending Defendants in the underlying action.  Defendants do not dispute this amount.  Scottsdale has presented evidence that it paid $119,950.01 to the Goodsill, Anderson Quinn & Stifel law firm for the defense of Sullivan Properties in the underlying action.  For the defense of Robert Sullivan in the underlying action, it paid $27,869.73 to the law firm of Yamamura & Shimazu.  The Court holds that Scottsdale is entitled to reimbursement from Defendants in a total amount of $147,819.74.

**II. Defendants' Motion to Certify Issue to the Hawaii Supreme Court**

Defendant Robert B. Sullivan has filed a Motion to Certify

Issue to the Hawaii Supreme Court in which Defendant Sullivan Properties, Inc. joined. Defendants ask the Court, pursuant to Rule 13 of the Hawaii Rules of Appellate Procedure, to certify the following question to the Hawaii Supreme Court:

> Whether, and if so under what circumstances, an insurer may recover defense costs paid on behalf of an insured where it is later determined by a court of law that the insurer did not have a duty to defend the insured.

The Court has discretion as to whether to certify an issue to the state supreme court. See Lehman Bros. v. Schein, 416 U.S. 386, 389-92 (1974). In doing so, the court may consider whether certification would conserve the litigants time, money, and judicial resources. See Pai 'Ohana v. United States, 875 F. Supp. 680, 700 (D. Haw. 1995).

Certification is not warranted in this case. Based on the Court's analysis of Hawaii case law as discussed above, the Court finds that Hawaii courts have applied the equitable principles of quasi-contract and unjust enrichment in a matter consistent with reimbursement here. Parties must refund amounts that they are not entitled to keep. This holding is based upon the same principles that the California Supreme Court and other courts around the country have applied in upholding an insurer's reimbursement right.

Certification of the question to the Hawaii Supreme Court would also unduly prolong this litigation and unnecessarily

consume judicial resources.

Defendants' Motion to Certify Issue to the Hawaii Supreme Court is **DENIED**.

### CONCLUSION

For the foregoing reasons,

(1) Plaintiff Scottsdale Insurance Company's Motion for Partial Summary Judgment Re: Reimbursement Claim (Doc. 72) is **GRANTED**;

(2) Defendant Robert B. Sullivan and Sullivan Properties, Inc.'s Motion to Certify Issue to the Hawaii Supreme Court (Doc. 78) is **DENIED**;

(3) Scottsdale is entitled to reimbursement of amounts paid in defense of Defendant Sullivan Properties in the underlying action in the amount of $119,950.01.

(4) Scottsdale is entitled to reimbursement of amounts paid in defense costs of Defendant Robert B. Sullivan in the underlying action in the amount of $27,869.73.

(5) No claims remain.

IT IS SO ORDERED.
Dated: August 1, 2007, Honolulu, Hawaii.



   /s/ Helen Gillmor
Chief United States District Judge

_____
<u>Scottsdale Insurance Company v. Sullivan Properties, Inc. et al.</u>; Civ. No. 04-00550 HG-BMK; **ORDER GRANTING PLAINTIFF SCOTTSDALE INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: REIMBURSEMENT CLAIM AND DENYING DEFENDANTS' MOTION TO CERTIFY ISSUE TO THE HAWAII SUPREME COURT**