IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) CIVIL NO. CV04 00550 HG/BMK<br>) (Declaratory Relief )<br>) |
| Plaintiff, | ) MEMORANDUM IN SUPPORT OF<br>) BILL OF COSTS<br>) |
| vs. | )<br>) |
| SULLIVAN PROPERTIES, INC.;<br>ROBERT B. SULLIVAN; MAUI<br>LAND & PINEAPPLE COMPANY,<br>INC.; AND KAPALUA LAND<br>COMPANY, LTD., | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |
| _____ | ) |

[2004432/#342341]

MEMORANDUM IN SUPPORT OF BILL OF COSTS

I.   INTRODUCTION

Plaintiff SCOTTSDALE INSURANCE COMPANY ("Scottsdale") submits this memorandum in support of its Bill of Costs and request to the Clerk of this Court to tax such costs against Defendants SULLIVAN PROPERTIES, INC. and ROBERT B. SULLIVAN (collectively referred to as "the Sullivan Defendants") in the amount of **$3,056.47**. Under governing and applicable law and rules, Scottsdale is entitled to the taxation of such costs against the Sullivan Defendants.

II.    DISCUSSION AND ARGUMENT

    A.    Basis for Taxation of Costs

Local Rule 54.2 of the Local Rules for the U.S. District Court, District of Hawaii provides, in relevant part, as follows:

> (a) Entitlement. Costs shall be taxed as provided in Rule 54(d)(1) of the Federal Rules of Civil Procedure. The party entitled to costs shall be the prevailing party in whose favor judgment is entered, or shall be the party who prevails in connection with a motion listed in LR54.2(b).

*See* Local Rule 54.2 (a).

In this case, judgment was entered in favor of Scottsdale and against the Sullivan Defendants on 8/7/07 based on the decision rendered by this Court in its Order Granting Plaintiff Scottsdale Insurance Company's Motion for Partial Summary Judgment Re: Reimbursement Claim and Denying Defendants' Motion to Certify Issue To The Hawaii Supreme Court Filed on 8/2/07. *See* Judgment In A Civil Case Filed on 8/7/07.  Accordingly, Scottsdale is entitled to a taxation of costs as provided by Rule 54(d)(1) of the Federal Rules of Civil Procedure ("FRCP").

> Rule 54(d)(1) FRCP, in turn, provides, in relevant part, as follows:
>
> Costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.

*See* FRCP Rule 54(d)(1).

2

B.  Bill of Costs.

Regarding the "contents" for taxation of costs, Local Rule 54.2(c) provides, in relevant part, as follows:

> The Bill of Costs must state separately and specifically each item of costs claimed. It must be supported by a memorandum setting forth the grounds and authorities supporting the request and an affidavit that the costs claimed are correctly stated, were necessarily incurred, and are allowable by law. The affidavit must also contain a representation that counsel met and conferred in an effort to resolve any disputes about the claimed costs, and the prevailing party shall state the results of such a conference, or that the prevailing party made a good faith effort to arrange such a conference, setting forth the reasons the conference was not held.

*See* Local Rule 54.2(c).

Under Local Rule 54.2(e), "[c]osts are taxed in conformity with 28 U.S.C. §§1821, 1920-1925, and other applicable statutes" with certain clarifications set forth within the Local Rule. *See* Local Rule 54.2(e). As such, filing fees, fees for service of process,[1] copying costs,[2] and docket fees are

---

[1] One of the "clarifications" within Local Rule 54.2(e) relates to service of process fees and provides that such fees "by someone other than the marshal are allowable to the extent they are reasonably required and actually incurred." *See* Local Rule 54.2(e)(1).

[2] Copying costs is subject to another "clarification" within Local Rule 54.2(e). Costs for copies "necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied." *See* Local Rule 54.2(e)(4). The court, per the Local Rule, permits taxation of copying costs at $.15 per page or the actual cost charged by

permitted to be taxed pursuant to 28 U.S.C. §1920 and 28 U.S.C. §1923.

Scottsdale seeks the taxation of the following costs in the following amounts:

| Cost Item/Description | Amount |
|---|---|
| Filing fees | $  186.00 |
| Service of process fees | $  260.00 |
| Copying costs ($.10 per page) | $2,585.47 |
| Docket fees | $    25.00 |
| **TOTAL** | **$3,056.47** |

These costs are supported by the exhibits and the Declaration of Jeffrey H. K. Sia attached hereto.

Scottsdale's attorney met and conferred with the Sullivan Defendants' attorney on 9/6/07 to discuss this requested bill of costs, and the Sullivan Defendants' attorney was provided with a copy of the Bill of Costs and supporting documents (Exhibits "A-C"). *See* Affidavit of Jeffrey H. K. Sia, attached hereto.

III.  CONCLUSION

Based on the foregoing and per the Bill of Costs, Scottsdale is entitled to the taxation of costs as submitted.

/
/
/
/
/
/

---

commercial copiers, provided such charges are reasonable. *See* Local Rule 54.2(e)(4).

DATED: Honolulu, Hawaii, September 6, 2007.

    /s/ Jeffrey H. K. Sia
SIDNEY K. AYABE
JEFFREY H. K. SIA
ALAN B. YUTER
RACHEL E. HOBBS
Attorneys for Plaintiff
SCOTTSDALE INSURANCE COMPANY