IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>      Plaintiff,<br>vs.<br><br>SULLIVAN PROPERTIES, INC.; ROBERT B. SULLIVAN; MAUI LAND & PINEAPPLE COMPANY, INC.; AND KAPALUA LAND COMPANY, LTD.<br><br>      Defendants. | CIVIL NO. CV04-00550 HG BMK<br>(Declaratory Relief)<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

## MEMORANDUM IN SUPPORT OF MOTION

Defendants SULLIVAN seek this Court's order staying enforcement of the Judgment entered herein on August 7, 2007, and which was appealed to the Ninth Circuit Court of Appeals on September 6, 2007. This Motion is sought pursuant to the provisions of Rule 62, Federal Rules of Civil Procedure, which states in pertinent part:

Rule 62. Stay of Proceedings to Enforce a Judgment

**(a) Automatic Stay; Exceptions--Injunctions, Receiverships, and Patent Accountings.**

Except as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry. Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters patent, shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal. The provisions of subdivision (c) of this rule govern the suspending, modifying, restoring, or granting of an injunction during the pendency of an appeal.

\*\*\*

(d) Stay Upon Appeal.

When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

\*\*\*

(f) Stay According to State Law.

In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts of that state.

**(g) Power of Appellate Court not Limited.**
The provisions in this rule do not limit any power of an appellate court or of a judge or justice thereof to stay proceedings during the pendency of an appeal or to suspend, modify, restore, or grant an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered.

Defendants SULLIVAN have secured a supersedeas bond issued by Travelers Casualty And Surety Company of America in the amount of TWO HUNDRED TWENTY ONE THOUSAND SEVEN HUNDRED TWENTY NINE AND 61/100 DOLLARS ($221,729.61), equal to 150% of the Judgment amount of ONE HUNDRED FORTY SEVEN EIGHT HUNDRED NINETEEN AND 74/100 DOLLARS ($147,819.74). A copy of said bond is attached hereto as Exhibit "A".

Based upon the security provided by Defendants SULLIVAN through this supersedeas bond, Plaintiff SCOTTSDALE INSURANCE COMPANY's interests are well protected, in the event Defendants SULLIVAN do not prevail on appeal. Given this security, a stay of any enforcement of the Judgment prior to the resolution of the appeal and/or upon further order of this Court is appropriate.

Defendants SULLIVAN respectfully urge this Court to grant its motion seeking a stay of enforcement of the Judgment and seeking approval of the

supersedeas bond obtained by Defendants SULLIVAN for the 150% of the Judgment amount.

DATED: Honolulu, Hawaii, October 15, 2007.

_____
MICHELE-LYNN E. LUKE
Attorney for Defendants
SULLIVAN PROPERTIES, INC. and
ROBERT B. SULLIVAN