IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) ) ) | Civ. No. 04-00550 HG-BMK |
| Plaintiff, | ) ) | SPECIAL MASTER'S REPORT RECOMMENDING THAT |
| vs. | ) ) ) | PLAINTIFF'S REQUEST FOR TAXATION OF COSTS BE |
| SULLIVAN PROPERTIES INC.; ROBERT B. SULLIVAN; MAUI LAND & PINEAPPLE COMPANY, INC.; and KAPALUA LAND COMPANY, LTD. | ) ) ) ) ) ) | GRANTED |
| Defendants. | ) ) | |
| _____ | ) | |

SPECIAL MASTER'S REPORT RECOMMENDING THAT PLAINTIFF'S
REQUEST FOR TAXATION OF COSTS BE GRANTED

Judgment in this case was entered in favor of Plaintiff and against Robert Sullivan and Sullivan Properties ("the Defendants") on August 7, 2007. Plaintiff filed the instant Bill of Costs on September 6, 2007, seeking $3,056.47 for Clerk's fees, service of the summons and subpoena, printing and copying, and docket fees. The same day that Plaintiff filed its Bill of Costs, Defendants filed a notice of appeal in this case. Enforcement of the judgment has been stayed pending resolution of that appeal.

Defendants initially oppose Plaintiff's Bill of Costs on the ground that "this Court may lack jurisdiction to adjudicate Plaintiff's request for taxation of costs" while the case is on appeal. (Mem. Opp. 2.) Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "Costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Costs may be taxed by the district court even though a notice of appeal has been filed. Rothenberg v. Security Management Co., 677 F.2d 64, 64 (11th Cir. 1982); Pixion Inc. v. PlaceWare Inc., No. C 03-02909, 2005 WL 3955889, at *2 (N.D.Cal.). Therefore, the Special Master FINDS that the Court does have jurisdiction to award Plaintiff the costs to which it is entitled under Rule 54(d)(1).

Defendants also contend that Plaintiff has failed to show the reasonableness and necessity of its requested copying costs of $2,585.47. Plaintiff provides the following documentation of its copying costs: a receipt for payment of $9.00 to the Court for certified copies of the Complaint and Summons; a Petty Cash receipt for $8.00 for additional certified copies of the Complaint and Summons; a spreadsheet with 110 entries listing copying costs incurred by the law firm of Ayabe, Chong, totaling $970.80; an invoice from Professional Image for

$238.17 in copying costs; and, finally, a printout from the firm of Selman Breitman listing a number of copying charges which Plaintiff claims sum up to $1,359.50.

The Special Master FINDS that these copying costs are both sufficiently well documented, and reasonable, noting for example that Plaintiff has charged only $0.10 per copy for in-house copies, while up to $0.15 per copy is authorized under the Local Rules.  See L.R. 54.2.  Moreover, Defendants point to no particular reason as to why these costs are not reasonable, or in what way they have not been sufficiently documented.

Accordingly, the Special Master RECOMMENDS that Plaintiff's request for taxation of costs be GRANTED in the amount of **$3,056.47**.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: November 20, 2007

Scottsdale Ins. Co. v. Sullivan Properties, Inc.; Civ. No. 04-00550 HG-BMK; SPECIAL MASTER'S REPORT RECOMMENDING THAT PLAINTIFF'S REQUEST FOR TAXATION OF COSTS BE GRANTED.